NEAL TURNER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 18, 1924.

This case was decided by Division B.

1. Applications for change of venue are addressed to the sound discretion of the trial court and will not be reviewed unless an abuse of discretion is shown. Adams v. State, 28 Fla. 511, 10 South. Rep. 106; Robertson v. State, 64 Fla. 437, 60 South. Rep. 118.

2. A stipulation signed by counsel for the State and the defendant representing to the court that it is impracticable to obtain a disinterested jury to try a certain cause in the county where the crime was committed, both plaintiff and defendant praying for change of venue, satisfies the provisions of Section 6101, Revised General Statutes of 1920.

3. There is no authority for a second change of venue in a criminal cause in this State except as defined in Section 6100, Revised General Statutes of 1920.

4. When change of venue is granted in any criminal cause in this State, the county to which the cause is transferred becomes the county in which the accused is entitled to trial as provided by Section 11, Bill of Rights.

5. When a change of venue is granted from a judicial circuit composed of only one county, the provisions of Sections 6099 and 6100, Revised General Statutes of 1920, are satisfied when the cause is transferred to some county in an adjoining circuit.

6. Under Section 32, Article III of our Constitution, convictions of murder in the second degree committed prior to June 14, 1921, the date Chapter 8470, Acts of 1921, Laws of Florida, became effective, must be punished as provided in Section 5035, Revised General Statutes of 1920.

A Writ of Error to the Circuit Court for Osceola County; C. O. Andrews, Judge.

Judgment reversed.

*Thomas Palmer*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant Attorney General, for the State.

TERRELL, J.—Neal Turner was indicted in Polk County on the 21st day of Ocotber, 1919, for the murder of Rodney Wilson.

On November 6th, 1919, at the same term of the court counsel for the State and counsel for Neal Turner presented to the court the following stipulation:

"State of Florida
        vs.
Neal Turner                    Murder.

"Comes now the plaintiff, the State of Florida, represented by D. O. Rogers, State Attorney for said Circuit,

and Luther C. Johnson and C. A. Boswell assistant prosecuting attorneys in said cause and Thomas Palmer, attorney for the defendant Neal Turner, and jointly represent to the court that it is impracticable to obtain a disinterested jury in the County of Polk to try said cause and therefore both plaintiff and defendant pray this court to grant a change of venue in said cause to the Circuit Court of some other county in the State of Florida. All of which is respectfully submitted on this the 6th day of November, 1919.

(Signed)   D. C. Rogers
State Attorney
L. C. Johnson
C. A. Boswell
Assistant State Attorneys
Thomas Palmer
Attorney for Defendant."

On consideration of the foregoing stipulation the court entered his order transferring said cause to Pasco County, said order being as follows:

"The foregoing petition coming on this day to be heard in open court and the court being fully advised in the premises and being satisfied that the ends of justice will be more fully complied with by changing the venue as prayed for herein. It is therefore ordered and adjudged that the prayer of said petition be granted and the venue of said cause be changed, and the cause be transferred from this county and Circuit to the Circuit Court of Pasco County, Sixth Judicial Circuit of Florida, and the clerk of this court is hereby ordered to transfer the re-records in this case to the Circuit Court of said Pasco County, as required by law.

"Done and ordered in open court in the City of Bartow on this 6th day of November, 1919.

(Signed)    John S. Edwards
Judge of the 10th Judicial
Circuit of Florida."

Pursuant to the foregoing order Neal Turner was on the 19th day of April, 1920, arraigned and tried in Pasco County. The jury failed to agree on a verdict and the cause was continued for the term.

On April 5, 1921, Neal Turner came on to be tried the second time in Pasco County, and on motion of the State Attorney the case was remanded to Polk County. The pertinent portion of the remanding order being as follows:

"The foregoing cause coming on this day to be heard before me, and the State Attorney having moved the court to remand said cause to Polk County, Florida, for the reason that the same was not properly transferred from the Circuit Court of Polk County to this Circuit, and this court finding upon inspection of the record and proceedings in said cause, transmitted by the Clerk of the Circuit Court of Polk County, Florida, to the Clerk of the Circuit Court of Pasco County, Florida, that no petition was ever filed by the defendant before the judge of the Circuit Court of Polk County, Florida, setting forth facts showing that it was impossible for the defendant to obtain a fair trial in Polk County, and that no affidavits or evidence of any kind was submitted to the Circuit Judge of Polk County, Florida, by the defendant in support of an application for a change of venue; that the defendant was never required to give bond as required by provisions of Sec. 4001 of the Florida compiled laws, annotated, West publication, and Sec. 6, 103 of the

Revised Statutes. That the Clerk of the Circuit Court of Polk County failed to transmit a certified copy of the entries in the record in the office of the Clerk of the Circuit Court of Polk County, relating to the said cause to the Clerk of the Circuit Court for this Pasco County, and the defendant being present before this court and his attorneys, in the presence of the defendant, stating to the court, that they did not, neither did the defendant, ask for a change of venue from Polk County, to this County, except as shown by the record, and the defendant being present in court, with his counsel, and making no objection to this cause being remanded to the Circuit Court of Polk County, Florida, for such other and further proceedings as may be in accordance with law, and the court being of the opinion that the said cause is not properly before this court, and that this court is without jurisdiction to proceed with the trial of said cause, and being fully advised in the premises, it is, upon consideration thereof, ordered and adjudged that the motion of the State Attorney be granted, and that the said cause be, and the same is hereby remanded to the Circuit Court in and for Polk County, Florida, for such further proceedings therein as may be in accordance with law.''

On the 11th day of October, 1921, said cause came on again to be heard in Polk County when Neal Turner entered his plea in abatement questioning the authority of the Circuit Court of Polk County to hear and determine said cause and challenging the legality of the remanding of said cause from Pasco to Polk County for causes herein shown. The State Attorney demurred to the plea in abatement, which demurrer was sustained, and on October 19, 1921, defendant filed his motion for

change of venue. This motion was joined in by the State Attorney, and the case was transferred to Osceola County.

The trial in Osceola County October 2nd, 1922, resulted in a verdict of murder in the second degree and sentence to twentyt-five years at hard labor in the State prison. A motion in arrest of judgment and for new trial were regularly entered and denied, and defendant took writ of error.

The first ground urged by Neal Turner for reversal is in substance that the Circuit Court of Pasco County erred in his order dated April 5, 1921, remanding this cause from Pasco back to Polk County.

Inspection of the order of April 5th discloses that the cause was remanded because a proper petition showing that it was impossible to secure a fair trial for defendant in Polk County was not filed with the court, and that defendant was not required to give bond as provided by Section 6103 Revised General Statutes of Florida, 1920.

Section 6099 Revised Genreal Statutes of Florida, 1920, in effect provides that when it shall be made to appear to the presiding judge of any court in this State that the venue of any cause pending in his court should be changed because a fair and impartial trial cannot be had in the county where the crime was committed or because it is impracticable to secure a qualified jury in said county, or because it does not appear that there is a sufficient number of registered voters to form a grand and petit jury in said county, it shall be in the power and discretion of such judge to change the venue of such cause from the Circuit Court of the county where pending to the Circuit Court of any other county within the same Circuit.

Section 6101 Revised General Statutes provides that such change of venue may be ordered upon the application

of either the prosecuting attorney or the defendant, upon affidavit seting forth the necessity for such change.

This court has repeatedly held that applications for change of venue are addressed to the sound discretion of the trial court and will not be reviewed unless an abuse of discretion is shown. Adams v. State, 28 Fla. 511, 10 South. Rep. 106; Robertson v. State, 64 Fla. 437, 60 South. Rep. 118.

The change of venue in this case was ordered on the basis of the stipulation copied herein signed by counsel for State and defendant, and which represents to the Court "that it is impracticable to obtain a disinterested jury in Polk county to try said cause," both plaintiff and defendant praying that a change of venue be ordered.

It is true that this application or stipulation for change of venue is not "upon affidavit" as required by Section 6101 Revised General Statutes, but it meets all the requirements of Section 6099 Revised General Statutes, and since it represented the judgment of counsel for both State and defendant, which was the judgment of the trial court, he being a citizen of the county where the crime was committed, we think it ample to meet the requirement of said Section 6101 Revised General Statutes. It therefore appears that the change of venue from Polk to Pasco County was regular and legal.

The change of venue from Polk to Pasco County being good, how about the change from Pasco back to Polk as per order of the court dated April 5, 1921?

Section 11 of the Bill of Rights, Constitution of Florida, in part provides that "in all criminal prosecutions the acussed shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed." Section 6100, Revised General Statutes, provides for a second change of venue when the same

causes prevailed in the county where the case is pending that prevailed in the county from which it was first transferred "provided that said cause shall not be returned to the county from which it was originally transferred."

If the transfer from Polk to Pasco County had been illegal there certainly could have been no objection to remanding the cause to Polk County for a legal transfer, but since it was legally in Pasco County, said county became the county in which defendant was entitled to a trial, and any transfer therefrom is without legal authority except as prescribed in Section 6100 Revised General Statutes, and it does not appear that the grounds for transfer as therein defined existed. The second change of venue, or that from Pasco to Polk County, thence to Osceola County was therefore reversible error.

Error is also predicated on the ground that the change of venue to Pasco County was wrong because Pasco is not in the same judicial circuit as Polk, while both Sections 6099 and 6100 Revised General Statutes providing for change of venue require that such changes be to some other county within the same circuit as the county from which the cause is transferred.

It is true that both sections 6099 and 6100, Revised General Statutes, provide that changes of venue be to some other county in the same circuit as the county from which the cause is transferred, but these statutes were enacted in 1845 and 1895 respectively, when every circuit contained half dozen or more counties, while at the present Polk alone composes the Tenth Judicial Circuit. There are other counties in which similar conditions prevail. In instances like this we think the letter of the law must keep pace with the spirit and purpose of the law, as indicated by the statutes making Judicial Circuits of single counties; and Circuit Courts in this State being

courts of equal or co-ordinate jurisdiction, this allegation of error is not well grounded.

On the verdict of murder in the second degree defendant was sentenced to twenty-five years at hard labor in the State prison. In imposing this sentence the trial court had in mind Chapter 8470, Acts of 1921, which fully authorizes such a sentence. Section 32 of Article 3 of our constitutition provides that "the repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment." Reference to the indictment discloses that the crime for which defendant was convicted was committed August 5, 1919. In view of this fact and the provisions of Section 32, Article 3 of the constitution, sentence should have been imposed under Section 5035 Revised General Statutes, 1920, which was the law at the time the crime was committed.

From the foregoing it follows that the judgment must be reversed, and a new trial awarded and the cause remanded for proceedings conformable to law and consistent with this opinion.

WHITFIELD, P. J., and WEST, J., concur.

TAYLOR, C. J., and ELLIS and BROWNE, J. J., concur in the opinion.