### 11497

### STATE v. HARVEY

#### (122 S. E., 860)

CRIMINAL LAW—CIRCUIT JUDGE HAS COMMON-LAW POWER TO GRANT CHANGE OF VENUE IN CASE IN NINTH CIRCUIT.—Though Act Feb. 14, 1916 (29 St. at Large, p. 688), creating fourteen judicial circuits leaves Charleston County alone in the Ninth Circuit, and Const. Art. 6, § 2, and Code Civ. Proc. 1922, § 34, provides that change of venue shall be to a county in the same judicial circuit, Circuit Judge had common-law power to grant change of venue in a criminal case in the Ninth Circuit, in view of Code Civ. Proc. 1922, § 382, Const. Art. 1, § 5, and Const. U. S. Amend. 14, § 1.

Before JOHNSON, J., Charleston, November, 1923. Affirmed.

Criminal prosecution by the State against Wilson G. Harvey. From an order granting a change of venue the State appeals.

The Circuit order was in part as follows:

The State opposed the motion for change of venue upon the ground that the Court has no power to change the venue, except as authorized by Section 2, Art. 6, Constitution of 1895, and Section 34, Code of Civil Procedure, enacted

pursuant thereto, both of which it was contended on behalf of the state limit the power of the Court to a change to some other county in the same Judicial Circuit, and, since Charleston County is the only County in the Ninth Circuit, there is no other county to which the place of trial can lawfully be changed.

Section 2, Art. 6, and Section 34, Code of Civil Procedure, both provide that, "if a change (of venue) be ordered, it shall be to a county in the same Judicial Circuit," and it is quite clear to the Court that both provisions show upon their face, by the express language employed, that they refer to, and apply to only those circuits embracing more than one county. There is therefore no constitutional or statutory provision relating to a change of venue when and where there is but one county in a Judicial Circuit, unless it be contained in Section 382, Code of Civil Procedure. The Court is also bound to take notice of the fact that, at the time of the adoption of the Constitution of 1895, and at the time of the enactment of the act in question, now Section 34, of the Code of Civil Procedure, there was no circuit in the state composed of a single county, and consequently neither the Constitutional Convention nor the General Assembly could have had in mind such a circuit when the Constitution and the act in question, were ratified and enacted, respectively.

In this connection it should be noted that Section 382, Code of Civil Procedure, is general in its term and does not purport to limit the power of the Court to grant a change of venue to another county in the same Judicial Circuit.

A case is presented, therefore, where the Court finds, as a fact, that the defendant cannot obtain in Charleston County that impartial trial contemplated by, and guaranteed unto him by, the organic law of the State, and where there is no constitutional or statutory provision touching a change of venue that is applicable to the case at bar. The power of the Court to grant the change must therefore be referred

to the inherent power of the Court, or to the power of the Court at common law.

The practice of granting changes of venue was well established in England long before the independence of this country, and has been recognized by many of the states, including our own commonwealth, as a common-law power. 27 R. C. L. pp. 810-812. *Lynch v. Horry,* 1 Bay, 229. In the case tried it is positively declared that a change of venue "is a common-law right, and the Court is bound to grant it, unless taken away by some express statute."

Since neither the Constitution (Article 6, § 2) nor the statute (Section 34, C. C. P.), relied upon by the State, can or does apply to a Judicial Circuit embracing only one county, and since there is no express constitutional or statutory provision taking away from the Court the power to grant a change of venue in a proper case where there is but one county in the Circuit, I am of the opinion, and so hold, that the Court has, in the case at bar, the common-law power to grant a change of venue.

This opinion of the Court is strengthened by the fact that the Constitution of the United States (Amend. Art. 14, § 1) prohibits any state from denying "to any person within its jurisdiction the equal protection of the laws," and by the fact that the Constitution of South Carolina (Article 1, § 5) likewise guarantees to every citizen the same protection.

Since the Constitution guarantees to every citizen (1) the equal protection of the law, and (2) an impartial trial, and since the Court finds as a fact that the defendant cannot obtain an impartial trial in the county of Charleston, it is self-evident that, if the contention of the state be correct and a change of venue cannot be granted, a trial in this county would deprive the defendant of both of the constitutional rights guaranteed to him by the "Declaration of Rights,' since it is manifest that, if the citizens of Charleston County cannot have a change of venue in proper cases, they are

denied that protection of law that is afforded to citizens of Circuits embracing more than one county.

It was agreed by the solicitor and the attorney for defendant that my decision in this case should apply to and embrace both of the cases against the defendant, now pending in this Court.

It is therefore ordered that a change of venue be granted in both of the above-entitled causes, and that the place of trial shall be at Allendale Courthouse, Allendale County, S. C., and the Clerk of this Court is hereby ordered and directed to transfer to the Clerk of Court of Allendale County all records in his possession relating to said cases, and hereafter all proceedings relating thereto shall be had in the said County of Allendale. Ordered further that the affidavits in support of the motion for change of venue be forthwith filed with the Clerk of this Court to be by him transferred to the Clerk of Court of Allendale County.

*Messrs. James Allan, Solicitor, S. M. Wolfe, Attorney General,* and *J. M. Daniel, Assistant Attorney General,* for appellant, cite: *Change of venue:* 110 S. C., 340; Const., 1895, Art. 6, Sec. 2; 107 S. C., 345. *Common law repealed by statute law:* 114 S. W., 1132; 148 S. W., 239; 45 L. R. A. (N. S.), 845; Black on Interpretation of Laws, Hornbrook Series, 2nd Ed., 25.

*Mr. J. N. Nathans,* for the respondent, cites. *State estopped from excepting to hearing motion:* Sec. 34, Vol. 1, Code, 1922.

May 8, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant, Wilson G. Harvey, was indicted in the Court of General Sessions for Charleston County in two cases—in one for receiving deposits in the Enterprise Bank after knowledge of its insolvency, and in the other for vio-

lation of section 296, Criminal Code 1912 (now section 258, Criminal Code 1922). On the call of the first case, a motion for a change of venue—applicable by agreement of counsel to both cases—was heard and granted by the presiding judge, Hon. J. Henry Johnson. From the order granting the change of venue, based upon a finding of fact that the defendant could not obtain a fair and impartial trial in Charleston County, the State appeals.

The only exception, which raises a point that fairly arises upon the record, is thus stated:

"That the Court erred  *  *  *  in granting a change of venue in this case from Charleston County to Allendale County; said Charleston County being the only county in the Ninth Circuit, and there being no constitutional or statutory authority allowing such change."

From appellant's argument it appears that the contention intended to be presented by the foregoing exception is identical with that made on Circuit and passed upon in the order of the Circuit Judge, viz. that Section 2, Art. 6, of the Constitution of 1895 provides that, if a change of venue be ordered, "it shall be to a county in the same Judicial Circuit," and since there is no other county in the Ninth Judicial Circuit, there can be no change of venue in these cases. We are satisfied that the conclusion reached by the Circuit Court is correct, and, for the reasons therein stated, the order appealed from must be affirmed. Let the argumentative portion of the order be reported.

We deem it proper to add the following observations: It is contended here that the constitutional provision (Section 2, Art. 6) pre-empts the field of "change of venue," and that the Circuit Judge was in error in referring his authority to the common-law power of the Court to grant the order. If the foregoing constitutional provision expressly, or by clear implication, restricts the common-law right of litigants to a change of venue, there would, of course, be merit in that contention. But we are clearly of the opinion that Section

2, Art. 6, of the Constitution was intended primarily to preserve and guarantee the common-law right to change of venue rather than to limit it.   While the proviso therein contained requires that if a change is ordered "it shall be to a county in the same Judicial Circuit," that proviso cannot apply, as the Circuit Court correctly held, where there is no other county in the same Judicial Circuit.   If in the case of a one-county Circuit the right to a change of venue is abrogated by virtue of the foregoing constitutional proviso, then the effect of the proviso is to empower the General Assembly, by creating a Judicial Circuit of one county, to deny and destroy the very right the section as a whole was intended to safeguard.   If such were the necessary effect of the proviso, it would not only frustrate the primal purpose of Section 2, Art. 6, but would seem clearly to infringe other constitutional guaranties as to impartial trials and as to equal protection of the laws.   Hence the act of the General Assembly (Act Feb. 14, 1916 [29 St. at Large, p. 688]) creating the Ninth judicial circuit—heretofore held to be a valid exercise of legislative power in *State v. Mappus,* 107 S. C., 345; 92 S. E., 1053—may not soundly be construed to deprive litigants in Charleston county of the right to a change of venue in proper cases.   In the absence of appropriate and valid legislative regulation, therefore, it was entirely competent for the Circuit Court, in the exercise of the common-law power, recognized and secured— not withdrawn—by Section 2, Art. 6, of the Constitution, to grant the change of venue in the cases at bar.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.