COCKRELL *v.* DOBBS, JUDGE.

5-3418 381 S. W. 2d 756

Opinion delivered September 14, 1964.

*Jack Holt, Sr.,* for appellant.

*David Whittington,* Prosecuting Attorney, for appellee.

GEORGE ROSE SMITH, J. This is a petition by Bruce Cockrell for a writ of mandamus to compel the respondent, as the presiding judge of the Garland circuit court, to grant a hearing upon Cockrell's motion for a change of venue. The petitioner, charged with murder, asked for a change of venue, asserting that he could not obtain a fair trial in Garland county. In refusing to conduct a hearing upon the motion Judge Dobbs explained that he had concluded that he could not grant any relief even if the motion had merit.

This was Judge Dobbs's reasoning: The Bill of Rights provides that the venue may be changed to another county within the same judicial district. Ark. Const., Art. 2, § 10. This provision has been construed to prohibit a change of venue to a county in a different judicial district. *State* v. *Flynn,* 31 Ark. 35. Act 49 of 1963, by transferring Montgomery county to another judicial district, left Garland county as the only county in the Eighteenth Judicial District. Hence Judge Dobbs concluded that he was powerless to grant a change of venue, for there is now no other county within the district to which the case might be removed.

In seeking a writ of mandamus the petitioner contends that the Bill of Rights by implication prohibits the legislature from reducing any judicial district to a single

county, so that Act 49 is unconstitutional. During our summer recess four members of the court heard the petition and unanimously granted the writ. This opinion for the full court explains why the writ was issued.

We are unwilling to say that Act 49 is invalid. The constitution (Art. 7, § 13, and Art. 18) empowers the General Assembly to change the judicial districts from time to time. There is no express requirement that a district contain more than one county. Shifts in population might readily qualify a single county to become a complete judicial district. There is no sound basis for reading into the constitution the implied limitation upon the legislative power now urged by the petitioner—a restriction that in practice might prove to be demonstrably unwise. We uphold Act 49.

We are nevertheless of the opinion that the court below construed the Bill of Rights much too narrowly, permitting its strict letter to defeat its manifest purpose. Changes of venue were recognized at common law. Without a doubt Section 10 of Article 2, authorizing a transfer to another county within the district, was meant to preserve the accused's right to a change of venue, not to deny that right. The important declaration in this section of the constitution is its guaranty of a trial by an impartial jury. A change of venue is a means to that end. The subordinate directive that it be to another county in the district is also for the protection of the accused, for it prevents the trial from taking place at an unreasonable distance from the county where the offense was committed.

The Bill of Rights must be read in context. When the constitution was written Article 18 enumerated the original judicial districts, all containing four or more counties. In that setting the provision for a transfer to another county within the district was of benefit to the accused. But when a county becomes a district in itself it would defeat the plain purpose of Section 10 to hold that the circuit court is powerless to grant a change of venue, even though it is shown that the defendant cannot hope to obtain a fair trial in the county. The heart of

Section 10 is its guaranty of an impartial jury. Any interpretation that destroys that guaranty is wrong. For these reasons we directed, during the summer recess, that the respondent conduct a hearing upon the petitioner's motion, to the end that the case might, if necessary, be transferred to an adjoining county. This is the view that has been taken elsewhere when the identical question has arisen. *Turner* v. *State,* 87 Fla. 155, 99 So. 334; *State* v. *Harvey,* 128 S. C. 494, 122 S. E. 860.

HOLT, J., not participating.