HOPPER v. WOLFE, JUDGE.

5-3415                                385 S. W. 2d 783

Opinion delivered January 18, 1965.

R. Julian Glover, for petitioner.

Bruce Bennett, Attorney General, Robert Shaw, Prosecuting Attorney, Daily & Woods, for respondent.

PAUL WARD, Associate Justice. In this petition for a writ of prohibition, Lavada Hopper, asks this Court, by declaring Act 49 of 1963 unconstitutional, to prohibit the Montgomery Circuit Court (as presently constituted) from trying a damage suit filed against her by Jack Whisenhunt.

An adequate understanding of the decisive issue here involved and the manner in which it arises calls for a summary of the factual background.

In June, 1960 Lavada Hopper (petitioner herein), while driving her automobile on Highway No. 8 in Montgomery County, collided with an automobile being driven by Jack Whisenhunt, allegedly damaging his car. Suit was filed in the Circuit Court of Montgomery County by Whisenhunt against petitioner. After an answer and other pleadings were filed the petitioner filed a motion in which it was alleged:

that the Circuit Court of Montgomery County was without jurisdiction to try the cause of action; that said court is organized and acting under Act 49 of 1963 which removed Montgomery County from the Eighteenth Judicial Circuit and placed it in the Ninth Judicial Circuit (leaving only Garland County in the Eighteenth Judicial Circuit); and, that said Act 49 is unconstitutional, being in violation of Article 7, § 12; Article 7, § 13; and Article 2, § 10, all of the Constitution of the State of Arkansas. The prayer was for the relief indicated above.

Whisenhunt filed a response, agreeing that the above motion should be adjudicated. The prosecuting attorney of the Ninth Judicial Circuit (later joined by the attorney general) was permitted to intervene and defend the constitutionality of said Act 49 and the validity of the Ninth Judicial Circuit as organized under the said act. For the same purpose Ode Maddox and R. W. Dillard, citizens and residents of Montgomery County (representing other citizens and residents of said county), were also allowed to intervene.

Pursuant to statute the presiding judge of the Ninth Judicial Circuit executed an exchange agreement with Judge Paul Wolfe of the Twelfth Circuit. The matter was presented on the above pleadings, and Judge Wolfe, in a comprehensive written opinion, found that Act 49 is constitutional and that the Circuit Court of the Ninth Judicial Circuit (as constituted at that time) has jurisdiction to try the damage suit in question.

On July 21, 1964 Lavada Hopper filed this petition for a writ of prohibition. The decisive question presented to us is the constitutionality of said Act 49 of 1963.

All issues raised by petitioner stand or fall on the constitutionality of said act. If the act is unconstitutional, then the legislature had no power to take Montgomery County out of the Eighteenth Judicial Circuit and place it in the Ninth Judicial Circuit. If the act is constitutional it must be conceded that the legislature had the power to place Montgomery County in the

Ninth Judicial Circuit, and, consequently, the trial court would have jurisdiction to try the damage suit.

It is forcefully argued by the petitioner that since the effect of Act 49 is to make a judicial circuit out of one county—Garland County—it runs afoul of our former decisions and several provisions of the State Constitution. These provisions are set out below.

Article 7, § 12 reads:

"The Circuit Courts shall hold their terms in each county at such times and places as are, or may be, prescribed by law."

Article 7, § 13 reads:

"The State shall be divided into convenient circuits, each circuit to be made up of contiguous counties, for each of which circuits a judge shall be elected, who, during his continuance in office, shall reside in and be a conservator of the peace within the circuit for which he shall have been elected."

The pertinent part of Article 2, § 10 reads:

"In all criminal prosecutions the accused shall enjoy the right to a speedy . . . trial by impartial jury of the county in which the crime shall have been committed; *provided that the venue may be changed to any other county of the judicial district in which the indictment is found, upon the application of the accused, in such manner as now is, or may be, prescribed by law . . .*" (Emphasis by petitioner.)

The burden of petitioner's argument is that the plain language of the quoted sections leaves no reasonable doubt it was the intention of the framers of the constitution that a "circuit" was to be composed of more than one county. It is pointed out that to ascertain the intent and purpose of the constitution all sections must be considered together, citing *Shepherd* v. *City of Little Rock*, 183 Ark. 244, 35 S. W. 2d 361, and *State ex rel Gray* v. *Hodges,* 107 Ark. 272, 154 S. W. 506. This being true, petitioner believes the case of *The State of Arkansas* v. *Flynn,* 31 Ark. 35,

strongly supports her position here. Flynn was indicted for murder in Garland County. When he filed a proper affidavit he was granted a change of venue to Pulaski County which was in another judicial circuit. On appeal to this Court we held the transfer to Pulaski County violated Art. 2, § 10 quoted above. In so holding, we said:

"Under the present Constitution [1874] the venue in a criminal case, can for no cause be changed to a county out of the judicial circuit in which the indictment is found."

Petitioner argues that the only logical conclusion deducible from the above decision is that Act 49 of 1963 (which creates the Eighteenth Judicial Circuit with only one county) is unconstitutional, otherwise it would be impossible for a defendant in Garland County to secure a change of venue under any circumstances.

Although petitioner's argument appears plausible, it has been specifically rejected by this Court.

In the case of *Cockrell* v. *Dobbs, Judge,* 238 Ark. 348, 381 S. W. 2d 756 (decided after the petition herein considered was filed in this Court) we specifically upheld the validity of Act 49 of 1963, and gave the Circuit Judge of Garland County the power to transfer the trial of a criminal case to an adjoining county (and out of the Eighteenth Judicial Circuit). In that opinion we took cognizance of Article 7, § 13 and Article 2, § 10 of the State Constitution, and also the case of *State* v. *Flynn, supra.*

It follows therefore from what we had said above that the petition for a writ of prohibition must be, and it is hereby, denied.

Denied.