MANUELA DOYLE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 4729

June 15, 1966                                    415 P.2d 323

[Rehearing denied July 11, 1966]

*Samuel B. Francovich,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, and *William J. Raggio,* Washoe County District Attorney, and *Herbert F. Ahlswede,* Deputy District Attorney, of Reno, for Respondent.

---

[3]The attorneys for the respondent on appeal were not her attorneys in the trial court.

## O P I N I O N

By the Court, COLLINS, J.:

A jury convicted Manuela Doyle of unlawful possession of narcotics. She and three other persons were arrested and charged with the crime. The complaint against two of the defendants was dismissed. Appellant and Richard M. Mills were tried jointly. The jury acquitted Mills but found appellant guilty. She appeals from the conviction and the trial court's refusal to grant her a new trial. She cites four grounds of error:

(1) Ruling of the trial court that appellant and Mills must join in exercising their peremptory challenges.

(2) Error of the trial court in giving Instruction No.

8[1] and in refusing to give appellant's requested Instruction No. A.[2]

(3) Permitting a police officer to testify to an extrajudicial confession made to him by appellant after counsel was retained.

(4) Permitting evidence to be received against appellant of a prior narcotics offense.

During the early morning hours of March 19, 1963, the automobile in which appellant was riding as a passenger in the rear seat, right side, was stopped by the Reno police department for excessive speed. While one officer was talking to the driver on the left side of the auto, another officer observed two objects thrown from the right rear window. The objects proved to be a Kleenex tissue in which there were two marijuana cigarettes and a small canister containing marijuana.

1. At the joint trial of appellant and Richard M. Mills, she claimed each of them was entitled to four peremptory challenges. The trial court required the defendants to join in the challenges and limited them to four peremptory challenges jointly, citing as authority NRS 175.015.[3] Appellant contends this statute to be unconstitutional, or if constitutional, directory rather than mandatory. This court recently ruled that the

---

[1]Instruction No. 8. "Within the meaning of the law, a person is in possession of a narcotic when it is under his dominion and control, and, to his knowledge, either is carried on his person or is in his presence and custody, or, if not on his person or in his presence, the possession thereof is immediate, accessible, and exclusive to him, provided, however, that two or more persons may have joint possession of a narcotic if jointly and knowingly they have the dominion, control and exclusive possession described."

[2]Instruction No. A. "Within the meaning of the law, a person is in possession of narcotic drugs when it is under his dominion and control and to his knowledge either is carried on his person or in his presence and custody, or, if not on his person or in his presence, the possession thereof is immediate, accessible, and exclusive to him."

[3]NRS 175.015. "Defendants cannot sever in challenges. When several defendants are tried together, they cannot sever their challenges, but must join therein."

statute is constitutional. Anderson v. State, 81 Nev. 477, 406 P.2d 532 (1965), citing Stilson v. United States, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919), and State v. McClear, 11 Nev. 39 (1876).

In arguing that NRS 175.015 is directory and not mandatory, appellant cites Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), contending there must be "per capita equality of representation," in the selection of a jury. She also cites Cockrell v. Dobbs, 238 Ark. 348, 351, 381 S.W.2d 756 (1964) ; Turner v. State, 87 Fla. 155, 99 So. 334 (1924) ; and State v. Harvey, 128 S.C. 494, 122 S.E. 860 (1924). Those authorities are inapposite. Anderson v. State, supra. The statute uses mandatory words. NRS 175.015.

2. Appellant next claims error in the giving of Instruction No. 8, citing People v. Winston, 46 Cal.2d 151, 293 P.2d 40 (1956). Instruction No. 8 is approved in Winston, but enlarged by the court below to include multiple defendants. Winston concerned a single defendant. We find no error in the giving of the instruction.

3. Appellant urges it to be error that the trial court allowed a police officer to testify to a conversation with her in which she admitted she had the marijuana in her purse when stopped; that she took it out and handed it to someone. The conversation occurred while she was on bail awaiting trial, after a preliminary examination and while represented by counsel. The record indicates that appellant went voluntarily to the police officer to make the statement. There is no evidence in the record indicating secret interrogation or the deliberate elicitation of evidence by the officer. We find the testimony of the officer to be admissible. Cf., Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

4. Finally appellant urges error in the admission of evidence of a prior narcotics offense. This testimony was first elicited from appellant while being cross-examined

by the prosecuting attorney. No objection to the evidence was made by her counsel. We find no error.

Affirmed.

THOMPSON, J., and ZENOFF, D. J., concur.