Ruben J. VALERIO, Appellant
(Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 4306.

Supreme Court of Wyoming.

Oct. 17, 1974.

Louis A. Mankus, Cheyenne, for appellant.

Sterling A. Case, Acting Atty. Gen., Jerome F. Statkus, Asst. Atty. Gen., Franklin D. Bayless, Deputy County and Pros. Atty., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

The defendant was convicted of possessing amphetamines, a controlled substance.[1] Judgment was entered and the defendant was sentenced to imprisonment in the Laramie County Jail for a period of not less than five months and fined the sum of

1. As set forth in Schedule III, § 35-347.18(b) (i), W.S.1957, 1973 Cum.Supp., contrary to § 35-347.31(c), W.S.1957, 1973 Cum.Supp.

$500.00, from which judgment and sentence the defendant has appealed.

The three points enumerated by the defendant upon which he relied for reversal are that the evidence was not sufficient to prove the charge beyond a reasonable doubt; that the prosecuting attorney's final argument was improper; and that certain instructions were improper.

None of the points argued by the defendant constitute sufficient grounds for reversal and the judgment and sentence of the trial court must be affirmed.

The facts which are supported by credible evidence[2] disclosed that the defendant, at about 3:00 a. m. on March 12, 1972, was driving his vehicle, in which Joseph Trujillo was a passenger, upon the streets of the city of Cheyenne. The defendant went past an unmarked police vehicle which was stopped at a stop sign. The police vehicle proceeded in the same direction as the defendant's car. The defendant began to accelerate while proceeding west on Sixteenth Street and exceeded the speed limit. Whereupon the police officer in the unmarked car pursued the defendant as a traffic violator. The defendant drove to Interstate 25 and proceeded upon that highway in a northerly direction at speeds which at times exceeded 100 miles per hour. The police officer in the unmarked car radioed to other officers and another unmarked police car and a marked police car began to follow the defendant. About 15 miles north of Cheyenne the defendant stopped and was placed under arrest for various motor vehicle violations.[3] Although the first police officer testified that he had his siren operating, the defendant contended that he did not hear the siren and did not realize that the car following him was a police vehicle and he stopped only when he saw the regular police car with its flashing lights. He said he was fearful that the first car was attempting to bump his car and run him off the road. A police officer searched his vehicle and found a baggie containing 42 pills under the passenger side of the front seat. Three of the pills selected at random were analyzed and were shown to contain amphetamine.

### Sufficiency of Evidence

The defendant argued that the evidence was insufficient in that it did not exclude every reasonable hypothesis except that of guilt because the defendant did not have exclusive control over the vehicle in which the pills were found, and in support of his argument cited Mulligan v. State, Wyo., 513 P.2d 180.

The evidence disclosed that on the afternoon of March 11, 1972, which was the day before the defendant was arrested on the motor vehicle charges, the defendant, Joseph Trujillo and two other males traveled in the defendant's car to a picnic which was held about 18 miles west of Cheyenne. They arrived there about 2:00 or 3:00 p. m. and stayed until about 8:00 p. m. There were several kegs of beer at the picnic, which was attended by about 30 or 40 people. The people at the picnic were in and out of various cars and although there was no testimony that other persons entered the defendant's car, there was the implication that such may have been the case. The defendant, Trujillo and possibly a girl returned to Cheyenne in the defendant's car. The remaining kegs of beer were transported to a private club in Cheyenne where the festivities continued. While the defendant was at the club in

2. We need only decide whether there was substantial evidence favorable to the prosecution, without discussing and reviewing such evidence as may have been offered by the defendant. Hammer v. Town of Jackson, Wyo., 524 P.2d 884, 886.

3. The jury was instructed, without objection, that it would not concern itself with whether or not the arrest and search were lawful; and the question was not, and probably could not have been, raised in this court.

**156**

Cheyenne his car was unlocked and at one period Joseph Trujillo borrowed the car and went for a ride with a girl. While there was no evidence of persons being in the defendant's car during that period, other than the defendant, Joseph Trujillo and his companion, he argued that other persons could have been in the vehicle and placed the bag of pills in his car. Joseph Trujillo was called as a witness for the state and testified that the pills were not his and he did not know how they got there, except that someone else might have put them in the car while they were at the picnic or at the private club.

◼ The import of the defendant's argument on that point is that while his car was parked at the picnic or at the private club someone could have placed the pills in his car. There was no evidence that during the period in question any persons other than the defendant, Trujillo and the girl were in the defendant's automobile. Trujillo's testimony that he did not know how the pills got there would seem to negate any argument that either he or the girl placed the pills there. The factual situation in the case at hand is distinguishable from the facts in *Mulligan* because in that case there were at least 10 people other than the defendants in the premises at the time the controlled substances were found; the defendants were outside the premises when the officers appeared with the search warrant and they accompanied the police into the house; and it was not shown when the defendants had last been in the house. Here, Valerio was in the car at the time the pills were found and had been in the vehicle during at least portions of the period in which he contended others may have placed the pills there. The defendant's argument that the case should be reversed upon the stated ground is unconvincing.

*Closing Argument of Prosecuting Attorney*

◼ The defendant argued that the whole of the prosecuting attorney's argument was improper and conviction was obtained solely on the remarks of the prosecuting attorney. We think that the defendant's contention that the conviction was obtained solely because of the remarks of the prosecuting attorney is without merit, and although the comments were improper they were not such that would in this case constitute prejudicial error and therefore require reversal.

During the prosecution's rebuttal closing argument, comments were made apparently attempting to justify the manner in which the police pursued the defendant for a motor vehicle violation. He commented that this was not a simple arrest for a traffic violation because the police knew that the defendant was a convicted armed robber and perhaps he had just pulled another armed robbery. Although the evidence showed that the defendant had ten years previously been convicted of armed robbery, there was no showing that the police officer who was pursuing him knew that the defendant had been so convicted or believed that the defendant was fleeing from a robbery. The officer testified to the contrary, that he was pursuing the defendant only for the offense of speeding. There was no basis for the prosecuting attorney's comments and they were improper. Lest we be said to be adopting some new rule making it difficult for prosecuting attorneys to perform their function, we wish to point out that such conduct has always been condemned in this state. State v. Wilson, 32 Wyo. 37, 228 P. 803, 809 (1924); State v. Thomas, 38 Wyo. 72, 264 P. 1017, 1022 (1928); Johnson v. State, 29 Wyo. 121, 211 P. 484, 487 (1922). See also the comments in 23A C.J.S. Criminal Law § 1094, p.153.

◼ We have always held that the function of the prosecuting attorney is to see that the defendant has a fair trial. State v. Sorrentino, 31 Wyo. 129, 224 P. 420, 425 (1925), and State v. Holm, 67 Wyo. 360, 224 P.2d 500, 505 (1950). These standards concerning the prosecution's function

have recently been adopted by the American Bar Association in its Standards for Criminal Justice. In the introductory note to the Approved Draft, 1971, pp. 111–112, the following comment is made which we think fairly analyzes the basis behind such standards:

"The manner in which a criminal trial is conducted goes to its fairness and effectiveness as an instrument to achieve justice. Misconduct or inadequate performance of either or both of the advocates gravely undermines the functioning of the system in a manner generally beyond repair by the trial judge. Too often an inadequate performance at trial lengthens rather than shortens the time occupied by trial. Careful preparation includes the kind of evaluation of the importance of testimony that avoids the pitfalls of 'overtrying' the case."

Section 1.1(c), General Standards, ABA Standards Relating to the Administration of Criminal Justice, Compilation, p. 83 (1974), said the duty of the prosecutor is to seek justice, not merely to convict; and § 5.8(a) of the same volume, p. 98, provides:

"(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw."

A 1909 Washington State case, State v. Montgomery, 56 Wash. 443, 105 P. 1035, 1037, recognizes some of the problems facing prosecutors, of which we are well aware:

"It is not our purpose to condemn the zeal manifested by the prosecuting attorney in this case. We know that such officers meet with many surprises and disappointments in the discharge of their official duties. They have to deal with all that is selfish and malicious, knavish and criminal, coarse and brutal, in human life; but the safeguards which the wisdom of ages has thrown around persons accused of crime cannot be disregarded, and such officers are reminded that a fearless, impartial discharge of public duty, accompanied by a spirit of fairness toward the accused, is the highest commendation they can hope for. Their devotion to duty is not measured, like the prowess of the savage, by the number of their victims."

Here the defendant objected to the prosecutor's comments concerning an armed robbery and the objection was sustained and the trial court admonished the jury to disregard the comments. We think that such remarks were non-prejudicial because they had no direct bearing upon the issue at hand. There was evidence that the defendant had been convicted of armed robbery and therefore the remark disclosed nothing to the jury that was not in evidence in that regard. Perhaps the most objectionable part of the comment was "Has he just pulled an armed robbery again?" The evidence was clear to the contrary and since the prosecution made no attempt to use the implication to buttress its case of possession of amphetamines, we fail to see how such comments could have been prejudicial.

*Instructions*

According to the defendant certain of the instructions were incomplete and he contended that his offered instructions should have been given so that the jury would have been properly charged. The only specific objection regarding instructions was that they failed to state that the defendant must have had exclusive possession of the narcotic in question, and we therefore are concerned only with that narrow point. The defendant cited a text which in turn cited a Nevada case, Doyle v. State, 82 Nev. 242, 415 P.2d 323, which is of no help in our determination because that case held that it was not error to give such an instruction. It does not hold that

such an instruction must be given. The defendant gave no cogent argument on this point and his one citation was not supportive. We are aware of no requirement that possession must be exclusive. Cases which our research disclosed were to the contrary. Simpson v. State, Tex.Cr.App., 486 S.W.2d 807, 811; State v. Berry, Mo.App., 488 S.W.2d 667, 669 (Possession need not be exclusive and may be shown circumstantially). See 91 A.L.R.2d 810; People v. Magdaleno, 158 Cal.App.2d 48, 322 P.2d 89, 91. See also 28 C.J.S. Supp. Drugs and Narcotics § 209.

The judgment and sentence of the trial court is affirmed.