20052

The STATE, Appellant, v. Mannie Lee LAW, Respondent
(217 S. E. (2d) 22)

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Dep. Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., and Richard P. Wilson, Staff Atty.,* of Columbia, and *T. Kenneth Summerford, Sol,* of Florence, *for Appellant,*

*Messrs. Ernest B. Hinnant, John S. DeBerry,* and *Mordecai C. Johnson,* of Florence, and *David S. Baroody,* of Marion, *for Respondent,*

.. *Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Dep. Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* and *Richard P. Wilson, Staff Atty.,* of Columbia, and *T. Kenneth Summerford,* of Florence, *for Appellant, in Reply.*

July 8, 1975.

*Per Curiam:*

The defendant-respondent was indicted for murder in Florence County and venue was changed to Marion County, the only other county in the Twelfth Circuit, on the ground that he could not obtain a fair trial in Florence County because of the impact of T. V. and newspaper coverage. Thereafter, upon another motion, the presiding judge found the defendant could not, for the same reason, obtain a fair trial in Marion County and ordered a change of venue to Kershaw County. From such order the State appeals contending only that the presiding judge abused his discretion in ordering the change of venue beyond the circuit in view of the provisions of code section 17-458. His Honor's findings that the defendant could not obtain a fair and impartial trial in either of the counties composing the Twelfth Circuit are not challenged by the State.

The pertinent language of code section 17-458 is as follows:

"The circuit courts shall have the power to change the venue in all criminal cases pending therein, and over which they have original jurisdiction, by ordering the record to be removed to another county in the same circuit."

Although the case is factually distinguishable, the rationale of the opinion in *State v. Harvey,* 128 S. C. 494, 122

S. E. 860 (1924), is dispositive of the appeal. That case arose in Charleston County, which was then the only county in the Ninth Judicial Circuit, and even though it was found that the defendant could not obtain a fair trial in Charleston County, the State contended that the court had no power to order a change of venue to a county beyond the Ninth Judicial Circuit, relying upon statutory language similar to that contained in the present code section and upon a similar provision in section 2, Article 6 of the 1895 Constitution, since deleted.

In brief summary, the court held that the defendant, under Article 1, section 5 of the Constitution of South Carolina and the Fourteenth Amendment to the United States Constitution, was entitled to an impartial trial; that the power to order a change of venue to accomplish a fair and impartial trial was a common law power of the court and that the provision contained in section 2, Article 6 of the 1895 Constitution was intended primarily to preserve and guarantee the common law right to a change of venue rather than to limit it and that such a provision could not be construed so as to deprive a defendant of his constitutional guarantees as to an impartial trial and the equal protection of the laws.

In the present case there are two counties in the circuit while in *Harvey* there was only one, but the point is, that it is unchallenged that the defendant cannot obtain a fair trial in the Twelfth Circuit and under the rationale of *Harvey* to construe the statutory language relied upon by the State as preventing a change of venue beyond the circuit would be an impermissible construction in violation of the constitutional right of the defendant to a fair and impartial trial.

Affirmed.