## IRENE PETERSON and PETER BURLEIGH, Appellants, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 11507

August 16, 1979                                598 P.2d 623

*Greenman & Goldberg,* and *Aubrey Goldberg,* Las Vegas, for Appellant Irene Peterson.

*Goodman, Oshins, Brown & Singer,* Las Vegas, for Appellant Peter Burleigh.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *Raymond Jeffers,* Deputy District Attorney, and *Stanley W. Parry,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Irene Peterson and Peter Burleigh were charged in an indictment by the Clark County grand jury with conspiracy to commit murder (NRS 199.480; NRS 200.010; NRS 200.030) and conspiracy to commit arson (NRS 199.480; NRS 205.010). Thereafter, they filed pretrial petitions for writs of habeas corpus in the district court contending, among other things, that there was insufficient evidence presented to the grand jury to support the charges. The district court denied the petitions and these appeals followed.

Evidence presented to the grand jury indicates that Irene Peterson met with an undercover police officer on several occasions in order to negotiate an agreement whereby the officer was to commit murder and arson. Peterson informed the officer that she was acting on behalf of Peter Burleigh and that she and Burleigh wanted the officer to murder Burleigh's former wife and set fire to a law office which contained certain records that Burleigh felt could "hurt him heavy." At one of these meetings, Peterson gave the officer a diagram of the residence of Burleigh's former wife, photographs of her, and a photograph of the attorney whose office was allegedly the target of the planned arson. At the grand jury proceedings, Burleigh's former wife testified that the handwriting on the diagram of her house was Burleigh's.

After several meetings with Peterson, the officer insisted that he personally discuss the plan with Burleigh. Subsequently, Peterson telephoned the officer and informed him that Burleigh

would meet with him at a restaurant. When the officer arrived at the restaurant he encountered Peterson and Burleigh. Peterson then left the table where she and Burleigh were seated. The officer and Burleigh thereafter discussed the murder of his former wife and it was decided that Burleigh would pay $25,000 for the murder. Burleigh, however, did not mention, nor did the parties discuss, anything regarding the burning of the law office.

1. Appellants argue that probable cause to believe they conspired to commit murder was not established because the only evidence implicating Burleigh in the alleged scheme was Peterson's hearsay statements which, they contend, should not have been considered by the grand jury because there was no independent evidence that a conspiracy to commit murder existed.

In Fish v. State, 92 Nev. 272, 549 P.2d 338 (1976), we held that hearsay statements may be admitted into evidence, pursuant to NRS 51.035(3)(e), where the statement is made by a coconspirator of a party during the course and in furtherance of the conspiracy.[1] However, application of the coconspirator exception is contingent upon a showing, by independent evidence, that a conspiracy existed. Cranford v. State, 95 Nev. 471, 596 P.2d 489 (1979). The amount of independent evidence necessary to prove the existence of a conspiracy may be slight, and it is enough that only prima facie evidence of the fact is produced. *Id.*

Here, Peterson gave the officer a diagram of the intended murder victim's house which was in Burleigh's handwriting and Peterson also arranged a meeting between the officer and Burleigh during which the two men discussed the contract price of the proposed murder. We believe these facts constitute prima facie evidence that Peterson and Burleigh conspired to commit the murder. Therefore, Peterson's hearsay statements were properly considered.

2. Appellants similarly argue that the charge of conspiracy

---

[1] NRS 51.035 provides, in pertinent part:
" 'Hearsay' means a statement offered in evidence to prove the truth of the matter asserted unless:

. . . .

"3. The statement is offered against a party and is:

. . . .

"(e) A statement by a coconspirator of a party during the course and in furtherance of the conspiracy."

to commit arson cannot stand because the sole evidence supporting the charge consists of Peterson's inadmissible hearsay statements to the officer that she and Burleigh wanted the officer to set fire to the law office. Respondent, however, contends Burleigh's association with Irene Peterson and his ratification of the murder conspiracy constitute sufficient independent evidence of a conspiracy to commit arson, and therefore, the hearsay statements were properly presented to the grand jury. We find appellants' contention more persuasive.

In order to establish that Burleigh and Peterson conspired to commit arson, there must be evidence, other than Peterson's hearsay statements, showing the conspiracy. *Id.* Here, absent Peterson's hearsay statements, there is no evidence in the record establishing a conspiracy between Burleigh and Peterson to set fire to the law office. Indeed, when the officer and Burleigh met at the restaurant, they discussed only the murder of Burleigh's former wife. Furthermore, there was no independent evidence connecting Burleigh with the photograph of the attorney given to the officer by Peterson. Nor does Burleigh's association with Peterson or his complicity in the scheme to commit murder establish that they also conspired to commit arson. Mere association is insufficient to support a charge of conspiracy. *See* State v. Sullivan, 200 P.2d 346 (Ariz. 1948). Accordingly, the charge of conspiracy to commit arson must be dismissed.

Appellants' remaining contentions are either without merit or need not be considered in light of our disposition of this case.

The order of the district court denying appellants' petitions is affirmed with respect to the charge of conspiracy to commit murder and reversed with respect to the charge of conspiracy to commit arson.