GRACIJA RAMONA GORKA, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 21874

December 6, 1991                                    822 P.2d 111

*Jerome M. Polaha* and *John S. Bodger,* Reno; *Richard F. Cornell,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction pursuant to a jury verdict of one count of obtaining money by false pretenses, a felony. NRS 205.380. The district court sentenced appellant to one year in the Nevada State Prison, and ordered appellant to pay restitution. The district court suspended the sentence, and placed appellant on probation for a period not to exceed eighteen months.

Pursuant to a collective bargaining agreement between Washoe County and its employees, employees who work and reside in Incline Village are entitled to obtain a small amount of extra compensation, referred to as differential pay, in order to offset the higher cost of living. Appellant, a long-term employee of Washoe County, is accused of collecting from Washoe County slightly more than $3,000 in differential pay over a three year period although, according to the state, her primary residence was not in Incline Village.

Based on our review of the record, we conclude that the state failed to present sufficient evidence to establish beyond a reasonable doubt appellant's guilt of obtaining money by a false pretense. Specifically, the collective bargaining agreement at issue does not define the term "reside," nor does it specifically require that an employee maintain a primary residence in Incline Village in order to be eligible for differential pay. All of the evidence presented at trial may be viewed as consistent with appellant's claim that she resided in Incline Village during the period of time in question. Indeed it appears that the evidence may establish that appellant maintained her primary residence in Incline Village. In any case, the record is entirely devoid of any evidence to support the conclusion that appellant misrepresented her place of residence with the intent to defraud the county of differential pay. At best, the evidence in this case may support the conclusion that appellant committed a civil wrong against the county in violation of the county's interpretation of the terms of the collective bargaining agreement.[1]

Accordingly, we reverse the judgment of conviction.[2]

---

[1]Of course, the meaning of the term "reside" in the collective bargaining agreement was not litigated in the action below because this matter was pursued in a criminal, rather than a civil proceeding.

[2]In light of this determination, we find it unnecessary to address appellant's remaining contentions.