KEVIN SANDERS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 23650

May 19, 1994                                    874 P.2d 1239

*Michael R. Specchio,* Public Defender and *Janet Cobb Schmuck,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney and *David Wayment,* Deputy District Attorney, Washoe County, for Respondent.

---

[3]The Honorable Cliff Young, Justice, did not participate in the decision of this appeal.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count each of possession of a controlled substance· for the purpose of sale and conspiracy to sell a controlled substance. The district court sentenced appellant to serve five years in the Nevada State Prison for possession of a controlled substance for the purpose of sale and two years in the Nevada State Prison for conspiracy to sell a controlled substance. The district court suspended imposition of these sentences and placed appellant on probation for an indeterminate time not to exceed three years.

Appellant contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. We agree. Appellant was arrested in a motel room in which a small amount of cocaine was found behind a wall lamp. A juvenile with more than three hundred dollars in cash was also in the room. Police surveillance of the room revealed an extremely large amount of visitor traffic to the room. Also, an unusually large number of telephone calls were placed from the room. The person who had rented the room and who was present when most of the visitor traffic and telephone use occurred was arrested outside the room.

It appears that appellant did not enter the room until after most of the visitor traffic and telephone use had occurred. Neither appellant nor the other persons who had been in the room testified at appellant's trial.

To sustain a conviction, sufficient evidence must be presented to establish the essential elements of each offense beyond a reasonable doubt as determined by a rational trier of fact. *See* Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980). In order to establish that the crime of possession of a controlled substance has been committed, the state must prove beyond a reasonable doubt that the accused had dominion and control of a controlled substance and knowledge of the presence of the controlled substance and of its illegal nature. *See* Doyle v. State, 82 Nev. 242, 415 P.2d 323 (1966). Our review of the record reveals no evidence that appellant knew cocaine was present in the room or that appellant exercised dominion and control over the cocaine. The cocaine was hidden completely out of sight, and the police found it only with the assistance of a drug sniffing dog.

Agreement among two or more persons is an essential element of the crime of conspiracy, and mere association is insufficient to support a charge of conspiracy. *See* Peterson v. Sheriff, 95 Nev. 522, 525, 598 P.2d 623, 625 (1979). Our review of the record reveals no evidence showing that appellant had agreed with anyone to sell a controlled substance.

Based on our review of the record, we conclude that the state failed to present sufficient evidence to establish beyond a reasonable doubt appellant's guilt of possessing cocaine for the purpose of sale or of conspiracy to sell cocaine. *See* Gorka v. State, 107 Nev. 851, 822 P.2d 111 (1991); Woodall v. State, 97 Nev. 235, 627 P.2d 402 (1981). Further, no conflicting evidence was presented upon which the jury could exercise its prerogative regarding weight and credibility. *Cf.* Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981). Accordingly, we reverse appellant's convictions for possession of a controlled substance for the purpose of sale and conspiracy to sell a controlled substance.