BRENDA DAWN GLISPEY, APPELLANT, v. SHERIFF, CARSON CITY, NEVADA, RESPONDENT.

No. 7123

June 4, 1973                                    510 P.2d 623

*James W. Johnson, Jr.,* and *Thomas L. Belaustegui,* of Reno, for Appellant.

*Robert List,* Attorney General, and *Michael Fondi,* District Attorney, Carson City, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This is an appeal from an order which denied a pre-trial petition for habeas corpus.

An undisclosed number of inmates at the state prison were obtaining controlled substances from an unknown source. The warden, and his staff, suspected that certain persons who visited some of the prisoners might be smuggling the substances into the prison.

A plan was devised whereby the guards at the entry gate

were to telephone the secretary of the deputy warden when certain visitors signed in at the gate. The secretary was delegated to keep those certain visitors under surveillance when they arrived in the visitors building. Implementing the plan, Captain Morgan of the prison guard staff, shook down the ladies rest room in the visitors building about 8:00 o'clock on the morning of July 27, 1972, and, again, about 10:15 a.m. During the interim three women visitors used the rest room and then went to the visiting area. Captain Morgan testified that at 8:00 a.m. the paper towel receptacle in the rest room was empty but at 10:15 a.m. there were about 11 paper towels and a bag of what tested to be marijuana in the receptacle. Appellant was one and the last of the three women who used the rest room during the interim. After the 10:15 a.m. shake down appellant was arrested and charged with possession of a controlled substance (NRS 453.336), and attempting to furnish a controlled substance to a state prisoner (NRS 212.160).

At the preliminary examination the two other women who had used the rest room denied that they had placed the bag of marijuana in the paper towel receptacle.

At the conclusion of the preliminary examination appellant was ordered to stand trial on both charges. A pre-trial habeas challenge to the information resulted in the dismissal of the charge of attempting to furnish a controlled substance to a prison inmate. In this appeal appellant contends the district judge erred in failing to dismiss the charge of possession because the evidence adduced before the magistrate was insufficient to establish probable cause to hold her for trial.

1. While it is conceded that one of the three women who used the rest room was responsible for placing the contraband in the trash receptacle, to establish that the accused may be tried for unlawful possession it is incumbent on the prosecution to offer proof that she exercised dominion and control over the contraband. Doyle v. State, 82 Nev. 242, 415 P.2d 323 (1966).

Possession may be actual or constructive. The accused has constructive possession only if she maintains control or a right to control the contraband. For instance, possession may be imputed when the contraband is found in a location which is immediately and exclusively accessible to the accused and subject to her dominion and control. Even if the accused does not have exclusive control of the hiding place possession may be

imputed if she has not abandoned the narcotic and no other person has obtained possession. The accused is also deemed to have the same possession as any person actually possessing the narcotic pursuant to her direction or permission where she retains the right to exercise dominion or control over the property. People v. Showers, 440 P.2d 939 (Cal. 1968).

When the doctrine is applicable, the accused is deemed to have present constructive possession of the property even though she does not have actual possession. In the instant case, it cannot be said that she constructively possessed the contraband. Defendant's access to the rest room was not exclusive nor did she maintain control over the location. Even if the accused did, in fact, place the marijuana in the paper towel receptacle, any subsequent intent to recover the marijuana would, from this record, be purely speculative, and could not sustain the requisite probable cause to hold her for trial for constructive possession.

2. There is no conduct distinguishing the activities of the accused from that of the other two women who used the ladies rest room during the time the bag of marijuana appeared in the paper towel receptacle. There is nothing in this record to establish the "joint possession" of the contraband, such as we found to exist in Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969), and Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969).

Dominion and control over the marijuana was not shown to be in appellant; thus, probable cause to show possession was not established before the magistrate and the order of the trial court refusing to grant habeas relief on the charge of possession was in error. Accordingly, the trial court order is reversed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.