JOHN FREDERICK MILLS, III, Appellant, *v.* SHERIFF, CARSON CITY, NEVADA, Respondent.

No. 9702

June 15, 1977                                        565 P.2d 327

---

*Horace R. Goff,* State Public Defender, and *Don Aimar,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, and *David B. Small,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination John Frederick Mills, III, was ordered to stand trial for possession of a controlled substance (marijuana), a felony under NRS 453.-336. Thereafter, a pretrial petition for a writ of habeas corpus contended there was insufficient evidence to establish probable cause that Mills had committed the crime. The district judge denied habeas relief and Mills has appealed.

The only evidence suggesting that Mills exercised dominion and control over the contraband was given by two correctional officers employed at the state prison. The thrust of their testimony was: that Mills, an inmate at the facility, was sitting on another inmate's bed in a dorm that was accessible to between thirty and forty prisoners; and, the marijuana was discovered in a crumpled cigarette package located near where Mills was seated. Neither officer observed Mills in actual physical possession of the package.

We deem such evidence insufficient to meet the probable cause requirement delineated in NRS 171.206. *See* Glispey v. Sheriff, 89 Nev. 221, 223, 510 P.2d 623, 624 (1973), where we said "possession may be imputed when the contraband is

found in a location which is immediately and *exclusively* accessible to the accused and subject to [his] dominion and control." (Emphasis added.) Here, Mills's access to the dorm was not exclusive, nor did he maintain control over the other inmate's bed. Accordingly, we reverse with instructions to grant the writ of habeas corpus. *Cf.* Hammond v. Sheriff, 91 Nev. 176, 532 P.2d 1030 (1975).