KENNETH STEVEN OXBORROW, APPELLANT, v. SHER-IFF, NYE COUNTY, NEVADA, RESPONDENT.

No. 9748

June 16, 1977                        565 P.2d 652

*Dean Breeze,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Peter L. Knight,* District Attorney, and *Andrew Demetras,* Deputy District Attorney, Nye County, for Respondent.

## OPINION

*Per Curiam:*

Kenneth Steven Oxborrow was a guest in the residence of a friend when police officers arrived and, pursuant to a warrant, conducted a search. Marijuana was seized from under a couch, the refrigerator and from pill vials which were secreted in a closed jewelry box. On this evidence Oxborrow was charged with, and ordered to stand trial for, the felonious possession of marijuana. NRS 453.336 and NRS 453.161.

In a pretrial petition for a writ of habeas corpus, Oxborrow contended there was insufficient evidence adduced at the preliminary examination to establish probable cause to believe he committed the charged offense. Habeas relief was denied and, in this appeal, Oxborrow asserts the same contention raised below.

Proof that Oxborrow exercised dominion and control over the contraband was required in order to support the possession charge. Glispey v. Sheriff, 89 Nev. 221, 510 P.2d 623 (1973). Oxborrow did not have actual physical possession of the contraband and there is nothing in the record from which we might infer constructive possession. *See* Doyle v. State, 82 Nev. 242, 415 P.2d 323 (1966).

Furthermore, this record is barren of facts that might support a theory of "joint possession" such as existed in Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969), and Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969). Thus, this record cannot support the charged offense.

Without more, "mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession." United States v. Stephenson, 474 F.2d 1353, 1355 (5th Cir. 1973). *See also* State v. Luchetti, 87 Nev. 343, 486 P.2d 1189 (1971), where this court held that thirteen occupants of a house did not have constructive possession of marijuana found in plain view in the

living room because there was no proof that they had the right to control the contraband.

Reversed.