KENNETH WAYNE KONOLD, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 10791

June 7, 1978                                            579 P.2d 768

*Peter L. Flangas,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, *Howard C. Clark* and *Edward R. Kane,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Kenneth Wayne Konold, a guest in the residence of another person, was ordered to stand trial for possession of marijuana on the basis of a small quantity of marijuana residue found in a pipe [porcelain smoking device] seized from the room where Konold and others were arrested.[1] There was also testimony of a "pungent order" in the room, however, that phrase was neither defined nor explained.

Konold petitioned for a writ of habeas corpus contending the recited facts did not support the charge. Habeas was denied and in this appeal Konold contends the district judge should have granted habeas. We agree.

Proof that Konold exercised dominion and control over the contraband was required to support the possession charge. Glispey v. Sheriff, 89 Nev. 221, 510 P.2d 623 (1973). He did not have actual physical possession of the pipe [contraband] and there is nothing in the record from which we might infer constructive possession. *See* Doyle v. State, 82 Nev. 242, 415 P.2d 323 (1966).

Furthermore, this record is barren of facts that might support a theory of "joint possession" such as existed in Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969), and Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969). Thus, this record cannot support the charged offense.

Without more, Konold's "mere presence in the area where the narcotic is discovered or mere assocation with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession." United States v. Stephenson, 474 F.2d 1353, 1355 (5th Cir. 1973). *See also* State v. Luchetti, 87 Nev. 343, 486 P.2d 1189 (1971), where this court held that thirteen occupants of a house did not have constructive possession of marijuana found in plain view in the living room because there was no proof that they had the right

---

[1]Charges against the occupant of the premises and other guests are not here involved.

to control the contraband. *Cf.* Oxborrow v. Sheriff, 93 Nev. 321, 565 P.2d 652 (1977).

Reversed.