FREDERICK LAFFAYETTE WOODALL, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12132

April 30, 1981                                    627 P.2d 402

*Redmon & McGimsey,* and *Brian Breedlove,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *David Schwartz,* Deputy, District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, an ex-felon, was convicted of the crime of possessing a firearm. On appeal, appellant contends that the judgment entered against him must be reversed because (1) a State's witness was permitted to comment on his post-arrest silence; (2) the prosecutor made impermissible remarks during his closing argument; and (3) insufficient evidence was presented to sustain his conviction. We find the evidence insufficient, and upon this dispositive issue we reverse appellant's conviction. Accordingly, we see no need to resolve other issues.

Appellant was charged with violating NRS 202.360(2) which provides, in pertinent part, that "[n]o person who has been convicted of a felony . . . shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person."

In our view, evidence adduced at trial fails to show appellant possessed or exercised dominion and control over the firearm in question, with such certainty that a rational trier of fact would be convinced of appellant's guilt beyond a reasonable doubt. Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980); *see also* Jackson v. Virginia, 443 U.S. 307 (1979). The weapon was discovered in a truck occupied by both appellant and his companion. The circumstances do not resolve who placed it there: appellant, his companion, or perhaps both of them. Inferably, either of them may have had possession of the gun. Appellant's companion, however, acknowledged that the weapon was his and that appellant knew nothing about its existence.

Because all facts were totally consistent with the companion's admission, and because the jury was obligated to accord appellant the benefit of all reasonable doubt, it appears to us that a rational trier of fact could not reject a plausible explanation consistent with appellant's innocence, and thereupon infer appellant to be guilty based on evidence from which only uncertain inferences may be drawn. *Cf.* Konold v. Sheriff, 94 Nev. 289, 579 P.2d 768 (1978); Oxborrow v. Sheriff, 93 Nev. 321, 565 P.2d 652 (1977); Glispey v. Sheriff, 89 Nev. 221, 510 P.2d 623 (1973); State v. Luchetti, 87 Nev. 343, 486 P.2d 1189 (1971).

We reverse appellant's conviction because the State has not adequately proved a material element of the crime charged.