SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. THOMAS J. HUGHES aka PAPPY and DIANNE STORY, Respondents.

No. 14799

June 22, 1983                                    665 P.2d 242

[Rehearing denied August 30, 1983]

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Appellant.

*Bell, Leavitt & Green, James L. Wadsworth,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On February 2, 1983, respondents Thomas J. Hughes and Dianne Story were charged by indictment with a variety of crimes stemming from their possession and distribution of heroin. They filed petitions for writs of habeas corpus based on lack of probable cause. The district court granted their petitions as to one of the counts and this appeal followed. We reverse.

■■■■ ■

This court's review is limited to whether the district court committed substantial error in determining that there was no probable cause. Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981).

The evidence presented to the grand jury established that Hughes and Story had often acted as "distributors" of heroin, and that a typical "buy" would be set up so that a purchaser gave money to Hughes and later picked up the drug from Story at a certain residence in Las Vegas. An informant testified that Hughes was in charge of the operation and would receive the heroin in bulk, repackage it, and make it available to buyers. On December 22, 1982, a "buy" was arranged through the informer. Subsequently, a search warrant was executed at the residence. Hughes was arrested at the front door and was in possession of keys to the residence and its alarm system. The search revealed ten packets of packaged heroin between the mattresses in Story's bedroom, a kilogram of mannite "cut"[1]

---

[1] "Cut" is a substance which can be combined with a drug so as to reduce the proportion of the drug to the final product and thus increase the total quantity for sale. The evidence before the grand jury indicated that mannite is a substance commonly used to "cut" heroin.

in the den, and a larger quantity of mannite, together with plastic baggies and a scale, in a storage shed. A police officer experienced in narcotics investigations testified that the materials found would allow a great quantity of heroin to be "cut" and repackaged.

Count five of the indictment returned by the grand jury charged Hughes and Story with the unlawful manufacture of heroin pursuant to NRS 453.321.[2] "Manufacture" is defined in NRS 453.091(1) as "the production, preparation, propagation, compounding, conversion or processing of a controlled substance . . . and includes any packaging or repackaging of the substance or labeling or relabeling of its container."

Respondents Hughes' and Story's petitions for writs of habeas corpus alleged, *inter alia,* that insufficient evidence had been presented to the grand jury to allow a finding of probable cause that they had manufactured heroin.

The orders granting the petitions for writs of habeas corpus fail to explain the rationale of the district court. The basis of the court's decision, however, appears in the transcript of the hearing during which the petitions were argued. When it appeared that the court was inclined to grant the writ as to the manufacturing charge, the following exchange occurred:

> Mr. Evans [deputy district attorney]: Am I to understand that despite the evidence of substantial cut the court doesn't understand cutting heroin, the manufacture of a controlled substance?
> The Court: No, I don't. Manufacture means to make, not to dilute.

The district court's reasoning was clearly erroneous. The act of "cutting" is encompassed within NRS 453.091(1).

The question before the district court was whether the evidence presented to the grand jury was sufficient to support the charge of manufacturing. Probable cause to support an indictment may be based upon slight, even "marginal" evidence. Sheriff v. Miley, 99 Nev. 377, 663 P.2d 343 (1983). *See also* Sheriff v. Potter, 99 Nev. 389, 663 P.2d 350 (1983). An examination of the transcript reveals that the state produced sufficient evidence to establish probable cause to believe that respondents had engaged in the manufacture of a controlled substance under NRS 453.321 and NRS 453.091(1). Thus, the

---

[2]NRS 453.321(1) provides in relevant part that "it is unlawful for any person to . . . manufacture . . . a controlled . . . substance. . . ." Heroin is a controlled substance.

544

district court committed substantial error by granting the writ in this case.

Consequently, we reverse the district court's orders granting the petitions for writs of habeas corpus as to the manufacturing charge, and we reinstate the fifth count of the indictment.