Young, J.,
with whom Springer, J., joins,
dissenting:
I dissent.
The majority today returns Steward for trial on a charge of possession of a controlled substance. The majority’s conclusion that “[tjhis case is not a mere presence case” is, in my opinion, untenable. A review of the evidence relating to Steward’s “possession” demonstrates why this is so.
While searching a trailer owned by Chris Nunez, police discovered Steward sitting at the kitchen table, upon which police located the methamphetamine supporting the possession charge. Steward admittedly knew that the substance was methamphetamine and of its presence on the table. Police also found Nunez in the trailer.
The trailer did not belong to Steward, nor did the State present any evidence that Steward brought the contraband with him when he entered the trailer. Thus, Steward’s “mere presence” in the trailer is the only factor which connects him in any way with the methamphetamine. As the majority correctly notes, however, “ ‘mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession.’ ” Konold v. Sheriff, 94 Nev. 289, 290, 579 P.2d 768, 769 (1978) (citations omitted).
The majority attempts to support its position that this is not a mere presence case by noting that the State presented evidence indicating that Steward was involved in the production and distribution of methamphetamine.[1] This may be true. However, the *838 State presented no evidence that Steward was in any way involved in the production or distribution of the specific methampketamine upon which the present charge of possession is based. Slight or marginal evidence connecting Steward with the methamphetamine found on the table simply does not exist; I am thus unable to conclude — as does the majority — that the district court’s[2] finding that probable cause did not exist to support the charge of possession was substantial error.[3] Sheriff v. Provenza, 97 Nev. 346, 347, 630 P.2d 265, 265 (1981); Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980).
Accordingly, I would affirm the district court.

Despite rigorous police investigation, the methamphetamine lab discussed by the majority was not a complete lab and hence was incapable of producing methamphetamine. Thus, it is disingenuous for the majority to relate Steward’s possession of a non-functioning lab with the methamphetamine found on Nunez’ kitchen table.

The district court determined that probable cause did not exist to support the charge of possession. In light of this court’s pronouncement that the district court “is the most appropriate forum in which to determine factually whether or not probable cause exists,” Sheriff v. Provenza, 97 Nev. 346, 347, 630 P.2d 265, 265 (1981), I would defer to the finding of the district court.

The majority stands Konold on its head. Imagine a social gathering during which one of the guests lights up a marijuana cigarette. Under today’s ruling, every other guest who knows that the substance is marijuana and knows of its presence can be charged with possession.