*1136 OPINION

Per Curiam:

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of possession of a cheating device. NRS 465.080. The district court sentenced appellant to serve three years in the Nevada State Prison. The district court suspended the sentence, and placed appellant on probation for a period not to exceed three years.
During the summer of 1989, appellant was a “doorman” at the Imperial Palace Hotel. Appellant was accused of being part of a conspiracy to use cheating devices called “chip cups” to cheat at gambling, and of possessing such a device. Appellant was convicted only of possessing the cheating device.
Based on our review of the record, we conclude that the state failed to produce sufficient evidence to establish beyond a reasonable doubt appellant’s guilt of possessing a cheating device. Specifically, the state admits that appellant never had actual possession of the cheating device. Rather, the state attempted to prove that appellant had constructive possession of the device. The record, however, is devoid of evidence sufficient to support the conclusion that appellant had dominion and control over, or a right to control, the cheating device. See Sheriff v. Shade, 109 Nev. 826, 858 P.2d 840 (1993). Without more, mere presence in the area where contraband is discovered or mere association with the person who does control the contraband is insufficient to support a finding of possession. See Oxborrow v. Sheriff, 93 Nev. 321, 565 P.2d 652 (1977).
Accordingly, we reverse the judgment of conviction.[1]

 In light of this determination, we find it unnecessary to address appellant’s remaining contention.
The Honorable Robert E. Rose, Chief Justice, did not participate in the decision of this appeal.