An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD HOPE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64190

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE AND REMAND FOR CORRECTION OF CLERICAL ERROR IN THE JUDGMENT OF CONVICTION

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with intent to commit a crime and trafficking in a controlled substance. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Donald Hope argues that there was insufficient evidence to support his conviction for battery with intent to commit a crime. Hope concedes that there was sufficient evidence that he committed battery, but he contends that the State failed to prove that he did so with intent to commit a crime. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, the victim testified that he was walking home when Hope confronted him and demanded money that Hope believed the victim owed him. When the victim did not comply, Hope punched him in the eye, causing the victim to stagger backward against a bus stop bench. The

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15256

victim was then hit from behind by a metal object several times, and someone reached into his pocket and took cash from him. Based on this evidence, we conclude that a reasonable juror could reasonably find that Hope committed the battery with intent to commit robbery. *See* NRS 200.400. It is for the jury to determine the credibility of witnesses, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Hope also argues that there was insufficient evidence to support his conviction for trafficking in a controlled substance because the State failed to prove that the drugs were his. We disagree. A police officer found a bag containing 4.35 grams of cocaine on the floor of the police interview room next to Hope's leg. The officer testified that the bag was not there when he brought Hope into the interview room and that he noticed it on the floor after Hope pulled his sock down and scratched his leg. Based on this evidence, we conclude that a rational juror could reasonably find that Hope possessed the cocaine. *See* NRS 453.3385(1); *Glispey v. Sheriff, Carson City*, 89 Nev. 221, 223-34, 510 P.2d 623, 624 (1973) ("[P]ossession may be imputed when the contraband is found in a location which is immediately and exclusively accessible to the accused and subject to her dominion and control.").

We note that the judgment of conviction contains a clerical error. The judgment of conviction provides a sentence of 18 to 48 months for count 2, but this sentence should be for count 3 because count 2 was dismissed. Thus, we remand this matter to the district court to correct the

clerical error in the judgment of conviction to reflect that the sentence of 18 to 48 months is for count 3. Accordingly, we

ORDER the judgment of conviction AFFIRMED and REMAND for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Michael Villani, District Judge
        Law Office of Scott P. Eichhorn, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

_____

[1]Hope's fast-track statement fails to comply with NRAP 32(a)(4) because it does not contain 1-inch margins on all four sides. Counsel for Hope is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).