An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
MATTHEW LECHUGA,
Respondent.

No. 67056

FILED

FEB 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from an order granting in part and denying in part a pretrial petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant Matthew Lechuga was charged by information with two counts of possession of a firearm by a felon. He filed a pretrial petition for a writ of habeas corpus on October 6, 2014, seeking to dismiss the charges for failure to establish probable cause at the preliminary hearing. The district court granted the petition in part, and the State appeals that decision.

To establish probable cause, the State has only to present slight or marginal evidence that the accused committed the crimes alleged. *Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). This court's review is generally limited to whether the district court committed substantial error in determining that there was no probable cause. *Sheriff*

---

[1]We conclude that this appeal may be resolved on the record and that briefing and oral argument are not necessary. *See* NRS 34.575(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-04698

*v. Provenza*, 97 Nev. 346, 630 P.2d 265 (1981). However, when the district court's decision involves a question of law, we review that decision de novo. *Sheriff v. Witzenburg*, 122 Nev. 1056, 1059, 145 P.3d 1002, 1004 (2006).

Lechuga first argued that the State failed to establish a proper chain of custody for the firearm that was the gravamen of count one and that the count should thus be dismissed. The district court acknowledged the State's argument that "defects" in the chain of custody speak only to the weight, not the admissibility, of the evidence, *see Sorce v. State*, 88 Nev. 350, 352-53, 497 P.2d 902, 903 (1972), but nevertheless concluded that the "lack" of a chain of custody warranted dismissal. The order does not explain nor cite any authority that the failure to establish a proper chain of custody required dismissal of charges. The State presented evidence that Lechuga had previously been convicted of a felony and that the backpack he was carrying contained a firearm. The State thus presented at least slight evidence that Lechuga violated NRS 202.360(1)(a), possession of a firearm by a felon. We therefore conclude that the district court committed substantial error in granting Lechuga's request to dismiss count one.

Lechuga also argued that the State failed to present any evidence that he had constructive possession of the firearm that was the gravamen of count two and that the count should thus be dismissed. An "accused has constructive possession only if [he] maintains control or a right to control the contraband." *Glispey v. Sheriff*, 89 Nev. 221, 223, 510 P.2d 623, 624 (1973). The State argued that there was slight or marginal evidence of constructive possession because Lechuga was found with a loaded magazine that would have fit into a gun found inside the console of

a car, he and his girlfriend were walking towards the car, and the car had been rented by his girlfriend's grandmother. The district court found that because Lechuga was never seen in the car, did not have keys to the car, and had not rented the car, the State failed to present even slight or marginal evidence that Lechuga had control over the car so as to indicate control over the gun and, accordingly, dismissed count two. We agree with the district court and conclude that it did not commit substantial error in dismissing count two. Accordingly, we

ORDER the judgment of the district court AFFIRMING IN PART, REVERSING IN PART and REMANDING this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Clark County Public Defender
       Eighth District Court Clerk