138 Nev., Advance Opinion 67

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DEREK JOHNSTON,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>MARY KAY HOLTHUS, DISTRICT<br>JUDGE,<br>Respondents,<br>and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 83968<br><br>FILED<br><br>OCT 06 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>CHIEF DEPUTY CLERK |

Original petition for writ of mandamus challenging district court pretrial release protocols.

*Petition granted in part and denied in part.*

Legal Resource Group, LLC, and T. Augustus Claus, Henderson,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Alexander Chen, Chief Deputy District Attorney, and Brianna K. Lamanna, Deputy District Attorney, Clark County,
for Real Party in Interest.

BEFORE THE SUPREME COURT, HARDESTY, STIGLICH, and HERNDON, JJ.

22-31494

*OPINION*

By the Court, STIGLICH, J.:

This original petition for a writ of mandamus challenges pretrial release protocols. Petitioner was arrested and charged with criminal activity, released on bail with high-level monitoring, and then taken into custody for allegedly violating his conditions of bail. While awaiting an evidentiary hearing after remand, petitioner filed this action, complaining of delay and about the procedures (or lack thereof) implemented after he was taken into custody and asking us to consider the standards for pretrial release both in general and as applied to him specifically and to direct his release. Meanwhile, however, the district court held an evidentiary hearing and re-released petitioner to house arrest.

We conclude that petitioner's claims challenging the imposition of house arrest are not moot, while his claims regarding the procedures for addressing violations of the conditions of bail are moot because he is no longer in custody but should be considered under an exception to the mootness doctrine because they are capable of repetition yet evading review. We take this opportunity to clarify that a defendant is constitutionally entitled to a prompt hearing after being taken into custody from pretrial release, at which the State bears the burden of demonstrating probable cause. Further, we recognize that a violation of a condition of house arrest may lead to statutory sanctions, and we do not recognize a distinction between so-called "technical" and "substantive" violations. And we hold that NRS 178.4851 and *Valdez-Jimenez* require the district court to make findings of fact on the record that each condition of pretrial release is the least restrictive means of ensuring public safety and the defendant's return to court. We grant mandamus relief in part to direct the district

SUPREME COURT
OF
NEVADA

(O) 1947A

court to enter an order concerning petitioner's custodial status, consistent with our instructions in this opinion. We deny mandamus relief insofar as relief cannot be afforded on petitioner's challenges and to the extent that petitioner seeks relief beyond an order addressing his custodial status supported by findings of fact on the record consistent with NRS 178.4851.

## BACKGROUND

In 2020, the State charged petitioner Derek Johnston with battery resulting in substantial bodily harm constituting domestic violence and malicious destruction of property. He was granted bail, placed on medium-level electronic monitoring, and ordered to maintain no contact with the victim as conditions of his release. After an additional domestic battery charge was filed against Johnston in a separate case, he was placed on high-level electronic monitoring (house arrest) in 2021.

Shortly thereafter, the Las Vegas Metropolitan Police Department (LVMPD) took Johnston into custody for violating his pretrial release conditions by living with the victim, failing to stay at his approved address, failing to submit to alcohol and drug testing, and failing to comply with a court order. A letter from an LVMPD officer to the district court alleged that Johnston "had not been to his approved residence a single time since beginning [house arrest] and he had not been calling as instructed for his activities." When LVMPD officers visited Johnston's workplace during the daytime, they found that the business was closed and locked. An LVMPD officer tried calling Johnston's cellphone and home phone to no avail. They were finally able to contact Johnston by calling his GPS device. When Johnston let the officers into his shop, he informed them that his girlfriend, Sarah, was upstairs. The officers found a woman lying in a bed who they claim did not produce identification. The LVMPD letter alleged that this woman was the victim with whom Johnston was ordered not to

Supreme Court
OF
Nevada

(O) 1947A

have contact. Johnston also refused to provide a urine sample to the officers for a drug test.

A hearing on the State's motion to revoke bail was held over one month after Johnston was taken into custody. Johnston alleged that the woman who interacted with the police at his shop was not the victim and had provided a driver's license number identifying her as another person. The district court temporarily granted the State's motion pending an evidentiary hearing.

The district court held an evidentiary hearing a few weeks later. Johnston contended that the claim that the woman at Johnston's shop was the victim evinced "willful ignorance" because the victim was at least 5′7″ tall, while the woman at the shop was 4′10″ tall. Sarah, the woman Johnston contended was at the shop who he identified by name to the officers, was present at the hearing. Video from an officer's body-worn camera was shown at the hearing, and Sarah testified that she was the woman shown in the video. The State then stipulated that the woman in the video was Sarah and not the victim. The district court agreed and determined Johnston's only violation of the house arrest provisions was staying at his shop—which had open bottles of alcohol—instead of his home address. Johnston argued that his sleeping in the office was merely a technical violation that was not substantive. The district court rejected the proposed distinction of technical versus substantive violations, explaining that "whether it's technical or not technical, if you can't follow the rules, then that's an issue." Nonetheless, the district court rejected the State's motion and reinstated Johnston on house arrest. Johnston argued that he should not be placed on house arrest at all and maintained that the house arrest protocol imposed "reache[d] further than what [was] least restrictive." The district court denied Johnston's request to be removed

from house arrest and did not rule on his larger challenge to the imposition of house arrest.

The next month, LVMPD again arrested Johnston and took him into custody for allegedly failing to maintain contact with his supervising officer and failing to provide a urine sample for a drug test. A letter from an LVMPD officer alleged that Johnston was unresponsive to officers' phone calls on several occasions. Further, Johnston made eye contact with officers who were attempting to conduct a home visit and drove away. The officers thereafter visited him at his workplace, which they were unable to access until they called Johnston to let them in. An officer requested Johnston provide a urine sample, which Johnston refused, as he stated that he had just used the bathroom. He was thereafter taken into custody and transported to Clark County Detention Center (CCDC). While at CCDC, Johnston again refused to provide a urine sample to the officers.

Although no hearing on the pretrial detention was scheduled, Johnston sought his release at a subsequent calendar call hearing before the district court. The district court refused to address his custody status at that hearing and directed Johnston to file a motion for release, despite Johnston's objection that NRS 178.4851 required the State to move to detain a defendant. Ultimately, the court set an evidentiary hearing, after which the court ordered Johnston's release and reinstatement to house arrest. Meanwhile, Johnston filed the instant writ petition.

## DISCUSSION

Johnston's petition raises two challenges to the pretrial release violation process. First, he argues that criminal defendants are entitled to a prompt hearing when taken into custody for alleged violations of the conditions of pretrial release. At that hearing, he argues, that the State should provide credible evidence to show probable cause for the violation.

Second, he argues that the court should recognize a distinction between "technical" and "substantive" violations of pretrial release conditions and issue intermediate sanctions accordingly. Related to these challenges, Johnston further argues that the district court erred by requiring him to post bail and submit to house arrest because the court did not determine that bail and the conditions of bail in this case were the least restrictive means of protecting the community and ensuring his return to court. Johnston requests that this court set forth new procedures governing pretrial release decisions and order his immediate discharge.

*Johnston's challenges relating to the procedures for addressing violations of the pretrial release terms are moot*

Johnston's writ petition challenges the procedures for addressing alleged violations of the terms of his pretrial release. Although Johnston was taken into custody, the district court rejected the State's motion to revoke bail, and Johnston was subsequently reinstated on house arrest. This court's role is to resolve live disputes by a decision that can be given effect and not to resolve moot or abstract issues. *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 720, 100 P.3d 179, 186 (2004). Therefore, "a controversy must be present through all stages of the proceeding, and even though a case may present a live controversy at its beginning, subsequent events may render the case moot." *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (citations omitted). Courts, however, have recognized limited exceptions to the mootness doctrine. *See* 1A C.J.S. *Actions* § 80 (2022 update) (identifying several exceptions jurisdictions have applied). As Johnston is no longer in custody, we conclude that his claims challenging his detention for violating

pretrial release conditions are moot.[1]  Nevertheless, we must determine whether the moot claims should be addressed under an exception to the mootness doctrine.

*The moot claims should be considered as presenting issues capable of repetition, yet evading review*

Johnston argues that, even if his challenges regarding pretrial detention became moot when the district court held the evidentiary hearing and reinstated him on house arrest, this court should consider them under the capable-of-repetition-yet-evading-review exception to the mootness doctrine.  He argues that "most pretrial release violation detention orders are short in duration and the issues concerning bail and pretrial detention become moot once the case is resolved by dismissal, guilty plea, or trial."  He further contends that these issues recur and identifies three criminal cases in which defendants have raised similar arguments before the justice court or district court regarding the revocation of bail.  And Johnston argues that the issues involve "violations of due process."

While this court generally declines to consider moot issues, we may consider a moot case "if it involves a matter of widespread importance that is capable of repetition, yet evading review." *See Personhood Nev.*, 126 Nev. at 602, 245 P.3d at 574.  To invoke this exception, the party seeking to overcome mootness must show "that (1) the duration of the challenged action is relatively short, (2) there is a likelihood that a similar issue will

---

[1]We agree with Johnston that the claims challenging the imposition of bail with house arrest as a condition are not moot, as he has not pleaded guilty or been convicted at this time.  *Valdez-Jimenez v. Eighth Judicial Dist. Court*, 136 Nev. 155, 158, 460 P.3d 976, 982 (2020) (recognizing that bail and pretrial issues "become moot once the case is resolved by dismissal, guilty plea, or trial").

arise in the future, and (3) the matter is important." *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334-35, 302 P.3d 1108, 1113 (2013). "[T]he second factor of the mootness exception requires that the question presented is likely to arise in the future with respect to the complaining party or individuals who are similarly situated to the complainant." *Valdez-Jimenez*, 136 Nev. at 160, 460 P.3d at 983.

We conclude that Johnston's pretrial release claims present issues capable of repetition yet evading review. First, the "duration of the challenged action is relatively short." *Bisch*, 129 Nev. at 334-35, 302 P.3d at 1113. The United States Supreme Court has observed that "[p]retrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted." *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975). The brevity of pretrial detention meets this consideration. Second, these issues are likely to arise in the future, as Johnston has illustrated with examples in three other criminal cases in which defendants were taken into custody in a manner that allegedly violated due process. *Cf. Valdez-Jimenez*, 136 Nev. at 160, 460 P.3d at 983 (concluding that petitioners showed a likelihood of recurrence where they "provided documents from other criminal cases in which defendants have raised similar arguments"). Johnston himself has at least twice been subjected to the detention he argues is unconstitutional, and it stands to reason that he may be similarly subjected in the future.[2] Third, the pretrial issues presented here are important. Pretrial detention and the parameters of house arrest affect many arrestees, and these issues touch on the constitutionality of Nevada's

---

[2]Indeed, the parties represented at oral argument that Johnston has once more been taken into custody.

SUPREME COURT
OF
NEVADA

(O) 1947A

bail and pretrial release regime. *See id.* at 160-61, 460 P.3d at 983 (observing that petitioners showed that the issues were important where they "affect[ed] many arrestees and involve[d] the constitutionality of Nevada's bail system," such that resolving them "would provide guidance to judges who are responsible for assessing an arrestee's custody status"). Further, this case presents an opportunity for this court to clarify the court's role when taking a defendant into custody for a violation of his pretrial release conditions. Therefore, even though resolution of these issues may not benefit Johnston, we elect to consider them under the exception. *Cf. Haney v. State*, 124 Nev. 408, 410-11, 185 P.3d 350, 352 (2008) ("Although our ruling in this case will not benefit [appellant] directly because his sentence has expired, we nonetheless address the legal questions presented because they are capable of repetition, yet evading review.").

*Mandamus relief is warranted in part, and this petition presents several important legal issues that merit clarification*

A writ of mandamus is available to compel a district court to perform an act the law requires or to control a manifest abuse or arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Mandamus relief is available only if a petitioner lacks a plain, speedy, and adequate legal remedy. NRS 34.170; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. A manifest abuse of discretion occurs when there is a clearly erroneous interpretation or application of the law, and "[a]n arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal quotation marks and citations omitted); *see also Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680-81, 476 P.3d

1194, 1196-97 (2020) (distinguishing a *manifest* abuse of discretion or arbitrary or capricious act from correcting a "mere error in judgment" and providing that such mandamus "is available only where the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will" (internal quotation marks omitted)). The court may also issue so-called "advisory" mandamus. *Walker*, 136 Nev. at 683, 476 P.3d at 1198-99. In such instances, the court may consider a writ petition to clarify an important legal issue when "considerations of sound judicial economy and administration militate in favor of granting the petition." *Oxbow Constr., LLC v. Eighth Judicial Dist. Court*, 130 Nev. 867, 872, 335 P.3d 1234, 1238 (2014) (internal quotation marks omitted). An issue considered through advisory mandamus must "present a serious issue of substantial public policy or involve important precedential questions of statewide interest." *Walker*, 136 Nev. at 684, 476 P.3d at 1199. And the petitioner must show why writ relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Whether a writ petition will be considered is within this court's sole discretion. *Armstrong*, 127 Nev. at 931, 267 P.3d at 779-80.

Here, we elect to entertain this writ petition because it presents questions of statewide importance relating to pretrial release that would likely escape appellate review. As discussed below, we grant mandamus relief in part to direct the district court, in regard to Johnston's pretrial custodial status, to make findings of fact on the record supported by reasoning explaining why each condition imposed is the least restrictive means necessary to assure the safety of persons in the community and to protect against the risk of flight. We also observe that these pretrial release issues present important issues of public concern, as we noted in

Supreme Court
OF
Nevada

(O) 1947A

10

determining that the capable-of-repetition-yet-evading-review exception applied. Accordingly, we grant advisory mandamus in part to clarify that an individual is entitled to a prompt hearing following an arrest for an alleged violation of a condition of pretrial release and that the district court must enter findings on the record supporting that the conditions of pretrial release imposed are the least restrictive necessary to satisfy the objectives set forth in NRS 178.4851(1). We deny the petition in part to the extent that Johnston seeks further relief.

*Due process requires a prompt hearing for a defendant taken into custody while on house arrest for a pretrial release violation, at which the State must show probable cause*

Johnston first argues that he was deprived of his right to due process by being held in custody for over a month without a hearing. He argues that the district court was required to hold a prompt hearing at which the State must demonstrate probable cause for taking him into custody based on a violation of the pretrial release conditions. The State counters that detention for violating the conditions of release is not a new arrest that requires a hearing under *Valdez-Jimenez*. The State argues that Johnston was not arrested for a new offense, but rather was taken into custody to determine whether he was still a suitable candidate for release.

We review de novo constitutional issues such as due process. *Manning v. State*, 131 Nev. 206, 209-10, 348 P.3d 1015, 1017-18 (2015). Both the United States and Nevada Constitutions provide that no person shall be deprived of liberty without due process of law. U.S. Const. amend. XIV, § 1; Nev. Const. art. 1, § 8(2). "Pretrial release and detention decisions implicate a liberty interest—conditional pretrial liberty—that is entitled to procedural due process protections." *Holland v. Rosen*, 895 F.3d 272, 297 (3d Cir. 2018). "Procedural due process requires that any government

action depriving a person of liberty must 'be implemented in a fair manner.'" *Valdez-Jimenez*, 136 Nev. at 165, 460 P.3d at 987 (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). Once the court concludes that due process applies, it must determine what process an individual is due, as the United States Supreme Court has made clear "that due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

The timing of a hearing, if one is required, is often of fundamental importance for due process. *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("The hearing must be at a meaningful time and in a meaningful manner." (internal quotation marks omitted)). In the context of one accused of violating the conditions of parole, the United States Supreme Court has held that "[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." *Morrissey*, 408 U.S. at 488; *In re Smith*, 138 Nev., Adv. Op. 16, 506 P.3d 325, 327 (2022) (citing *Morrissey* for this proposition); *see also United States v. Montalvo-Murillo*, 495 U.S. 711, 716 (1990) (recognizing that the federal Bail Reform Act requires a prompt hearing on an alleged violation and sets forth time limits). And in the context of bail and other decisions regarding conditions of pretrial release, this court has recognized "that an accused is entitled to a prompt individualized hearing on his or her custody status after arrest." *Valdez-Jimenez*, 136 Nev. at 163, 460 P.3d at 985.

The Legislature has provided that a penalty for noncompliance with a condition of pretrial release must be preceded by reasonable notice and an opportunity for a hearing. NRS 178.4851(7). It has not provided specific time limits for conducting this hearing. Consistent with the principles of due process and in accordance with other decisions requiring individualized hearings where an individual is subject to restraint by the

State, we clarify that one detained for allegedly violating a condition of pretrial release has a due process right to a prompt hearing after arrest. At the hearing, the State must show probable cause that a violation of a condition of pretrial release has occurred, *see Valdez-Jimenez*, 136 Nev. at 166, 460 P.3d at 987 (generally recognizing it is the State's burden of proof in bail proceedings); *In re Wheeler*, 81 Nev. 495, 500, 406 P.2d 713, 716 (1965) (recognizing State's burden of proof to present evidence in bail proceedings), and the defendant may contest the evidence put forward, *State v. Knight*, 380 A.2d 61, 61 (Vt. 1977). Should the district court find probable cause that a violation occurred, it may impose a sanction as set forth in NRS 178.4851(7)(a)-(c). *See Sheriff, Washoe Cty. v. Steward*, 109 Nev. 831, 835, 858 P.2d 48, 51 (1993) (establishing that probable cause requires a showing by at least slight or marginal evidence of a reasonable inference that the accused committed the offense). And we reject the State's argument that taking a person into custody does not qualify as an arrest, as NRS 178.4851(9) provides that remanding to custody is implemented by "arrest[ing] the person." We clarify that a district court abuses its discretion when it does not hold a prompt hearing on an alleged pretrial release violation. Nevertheless, we deny mandamus relief as to Johnston's pretrial release claims because they are moot, as he is no longer in custody. *See Valdez-Jimenez*, 136 Nev. at 167, 460 P.3d at 988 (denying mandamus petitions as moot where petitioners challenging bail regimen were no longer subject to pretrial detention).

*A violation of house arrest restrictions may justify taking a defendant into custody, and there is no distinction between "technical" and "substantive" violations*

Johnston argues that this court should "create intermediate levels of sanctions for small violations of pretrial releases" to avoid

rendering language in NRS 178.487 surplusage. He urges this court to adopt the standard from the federal Bail Reform Act of 1984, which he argues contains similar provisions, and NRS 176A.630, which "has codified the parlance of technical vs. non-technical violation for probationers."

We look first to plain language in interpreting a statute. *Bergna v. State*, 120 Nev. 869, 873, 102 P.3d 549, 551 (2004). Where legislative intent is clear, we will construe it to give effect to that intent. *Id.* We review matters of statutory interpretation de novo. *Justin v. Second Judicial Dist. Court*, 132 Nev. 462, 466, 373 P.3d 869, 872 (2016).

We conclude that the plain language of the statutes at issue repels Johnston's arguments. First, NRS 178.487, a statute relating to bail after arrest for a felony offense committed while on bail, does not apply. Instead, NRS 178.4851(7)(c), the applicable statute, provides that the court may revoke bail and remand the defendant into custody if the defendant "fails to comply with a condition of release." NRS 178.4851(7)(c) does not distinguish a "technical" violation of a condition of pretrial release from a "substantive" violation. Rather, it unambiguously allows the district court to revoke bail and remand the defendant into custody if the defendant fails to comply with a condition of release. *See* NRS 178.4851(7). The statute provides no basis to distinguish between purportedly technical and substantive violations. Johnston's reliance on NRS 176A.630 as an example of where the Legislature has made such a distinction reinforces this point.[3] There, the Legislature defined "technical violation" as "any alleged violation of the conditions of probation" that is not, for example, the commission of a new felony or gross misdemeanor. *See* NRS 176A.630(5)(b). The

_____

[3]Notably, NRS 176A.630 applies to probation and parole and thus does not apply here.

Legislature's silence with respect to classifications of violations in NRS 178.4851(7) undercuts Johnston's argument that the Legislature intended to distinguish between technical and other violations of conditions of bail. *See S. Nev. Homebuilders Ass'n v. Clark County*, 121 Nev. 446, 453, 117 P.3d 171, 175 (2005) (observing that the Legislature has provided for supermajority voting when it so intended and concluding that its silence in that regard in the statute at issue indicated that the Legislature did not intend to impose that requirement in that instance). Finally, we decline Johnston's invitation to adopt distinctions set forth in the federal Bail Reform Act: had the Legislature intended for Nevada's bail laws to mirror analogous federal laws in this regard, it would have done so. *See id.*; *Siragusa v. Brown*, 114 Nev. 1384, 1399, 971 P.2d 801, 811 (1998) (declining to apply federal RICO statutory requirements that diverged from those of Nevada's RICO statutes); *see also State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 295, 995 P.2d 482, 486 (2000) (presuming that the Legislature enacting a statute does so aware of other statutes relating to the same subject). Accordingly, we conclude that Johnston has not shown that we should construe the bail statutes to distinguish between technical and substantive violations.

*The district court manifestly abused its discretion by failing to enter findings on the record supporting the conditions of pretrial release that it imposed*

Johnston contends that the district court erred in imposing restrictions, such as house arrest, that were not individualized to his circumstances. He argues that uniform conditions of house arrest violate both NRS 178.4851 and *Valdez-Jimenez* where the district court does not make an individualized determination that the restrictions imposed are the least restrictive means of ensuring his return to court and protecting the community. Johnston also argues that the district court erred by requiring

him to submit to house arrest and post bail. The district court declined to make factual findings when Johnston raised this issue below.

We review district court orders regarding pretrial release for an abuse of discretion. *Valdez-Jimenez*, 136 Nev. at 161, 460 P.3d at 984. NRS 178.4851(1) provides that the district court shall only impose a condition of release "as it deems to be the least restrictive means necessary to protect the safety of the community or to ensure that the person will appear at all times and places ordered by the court."[4] Any condition imposed must be supported by reasoned findings on the record explaining how the condition is the least restrictive means to protect community safety or to ensure the individual's appearance in court. NRS 178.4851(3); *see also Valdez-Jimenez*, 136 Nev. at 166, 460 P.3d at 987 (requiring the district court to "make findings of fact and state its reasons for the bail decision on the record"). House arrest and electronic monitoring do not stand apart from the conditions that may permissibly be imposed, but, as with any condition of pretrial release, the district court's imposition of any such restriction must be supported by an individualized determination that the condition is necessary to secure the statutorily defined aims of conditions of pretrial release. *See Valdez-Jimenez*, 136 Nev. at 164, 460 P.3d at 985 ("[W]here a defendant remains in custody following indictment, he or she must be brought promptly before the district court for an individualized custody status determination.").

---

[4]NRS 178.4851(4) creates a partial exception to this rule for persons arrested for first-degree murder, which is not at issue in this case.

Here, the district court did not make the required findings when it assigned Johnston to house arrest. As the district court did not support its conditions of pretrial release with findings explaining their propriety, we cannot determine whether house arrest was appropriate to protect the community and ensure Johnston's appearance in court. Nevertheless, as the district court did not comply with its statutory mandate of supporting its imposition of house arrest, we conclude that it manifestly abused its discretion. Accordingly, we direct the district court, in regard to Johnston's pretrial custodial status, to make findings of fact on the record supported by reasoning explaining why each condition imposed is the least restrictive means necessary to assure the safety of persons in the community and to protect against the risk of flight.

## CONCLUSION

In this opinion, we clarify three issues of law. First, a defendant has a constitutional right to a prompt hearing after being taken into custody from pretrial release, and at that hearing, the State bears the burden of demonstrating probable cause. Second, a violation of a condition of pretrial release may lead to statutory sanctions, and we do not recognize a distinction between so-called "technical" and "substantive" violations. And third, NRS 178.4851 and *Valdez-Jimenez* require the district court to make findings of fact on the record that each condition of pretrial release is the least restrictive means of ensuring public safety and the defendant's return to court. We grant mandamus relief in part to direct the district court to

enter an order consistent with our instructions in this opinion. We deny mandamus relief insofar as relief cannot be afforded on Johnston's challenges and to the extent that Johnston seeks relief beyond an order addressing his custodial status supported by findings of fact on the record consistent with NRS 178.4851.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Herndon

SUPREME COURT
OF
NEVADA



(O) 1947A