# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
NATASHA GALENN JACKSON,
Respondent.

No. 67071

FILED

FEB 2 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting in part a pretrial petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Respondent, Natasha Jackson, along with Cody Winters, allegedly entered into a home to steal a car. During the course of the crime, they killed one occupant and stabbed another. Jackson and Winters then allegedly entered an abandoned house nearby where, after attempting to shoot police officers, the officers shot and killed Winters and arrested Jackson. At the grand jury indictment hearing, the State elicited testimony that Winters carried a handgun throughout the course of events. Although there was no testimony that Jackson handled the gun, evidence was presented that she was aware that Winters had it, and at times even gave Winters directions on what to do with it. After the hearing, the State charged Jackson via indictment with, among other crimes, burglary while in possession of a firearm and burglary while in possession of a deadly weapon.

In response to a pretrial petition for a writ of habeas corpus, the district court struck the aforementioned charges in their entirety because there was no evidence that Jackson actually possessed the

16-06090

weapon. The district court ruled that "possession" for the purposes of NRS 205.060(4)'s definition of burglary while in possession of a firearm or deadly weapon is only satisfied upon a showing of actual possession of the weapon. We disagree.

"In reviewing a district court's order granting a pretrial petition for writ of habeas corpus for lack of probable cause, . . . [t]his court will not overturn the district court's order unless the district court committed substantial error." *Sheriff, Clark Cty. v. Burcham*, 124 Nev. 1247, 1257, 198 P.3d 326, 332 (2008). In doing so, this court must "determine whether all of the evidence received . . . establishes probable cause to believe that an offense has been committed and that the accused committed it." *Kinsey v. Sheriff, Washoe Cty.*, 87 Nev. 361, 363, 487 P.2d 340, 341 (1971). A finding of probable cause may be based upon slight or marginal evidence. *State v. White*, 130 Nev., Adv. Op. 56, 330 P.3d 482, 486 (2014).

"[P]ossession necessary to justify statutory enhancement may be actual or constructive . . . ." *Anderson v. State*, 95 Nev. 625, 630, 600 P.2d 241, 244 (1979), *abrogated on other grounds by Brooks v. State*, 124 Nev. 203, 180 P.3d 657 (2008).[1] Constructive possession occurs when an unarmed participant in an underlying crime "has knowledge of the other

---

[1] In *Brooks*, this court abrogated *Anderson* on the basis that the ability to control the weapon, necessary for a constructive possession analysis was not necessary for a "use" enhancement analysis because "use" is satisfied when an "unarmed offender is liable as a principal for the offense that is sought to be enhanced, another . . . is armed with and uses a deadly weapon in the commission of the offense, and the unarmed offender had knowledge of the use of the deadly weapon." 124 Nev. at 209-10, 180 P.3d at 661.

offender's being armed, and where the unarmed offender has . . . the ability to exercise control over the [weapon]." *Id.* at 630, 600 P.2d at 244. This interpretation of "possession" is consistent with other holdings by this court "involving interpretations of the term 'possession.'" *Id.* (citing *Glispey v. Sheriff, Carson City*, 89 Nev. 221, 510 P.2d 623 (1973)); *see also Jones v. State*, 111 Nev. 848, 852, 899 P.2d 544, 546 (1995) (concluding that an unarmed offender constructively possessed firearms possessed by his cohorts when he collected property of victims at gunpoint); *Walters v. State*, 108 Nev. 186, 189, 825 P.2d 1237, 1239-40 (1992) (concluding that an unarmed offender *did not* constructively possess the knife used by the armed offender because there was no evidence that he could have controlled the armed offender); *Moore v. State*, 105 Nev. 378, 382, 776 P.2d 1235, 1238 (1989) (concluding that a defendant constructively possessed the rock thrown by the armed offender when the defendant was able to verbally deter the armed offender), *overruled on other grounds by Peck v. State*, 116 Nev. 840, 7 P.3d 470 (2000), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006). Control can be demonstrated merely by the ability to give verbal instructions or deterrence to the person with actual possession of the weapon. *Moore*, 105 Nev. at 382, 776 P.2d at 1238.

Jackson does not deny that she was aware that Winters was armed. Further, the evidence presented appears to indicate that minutes prior to the first home invasion, she loaded a commandeered NDOT van with items from her and Winters' car while Winters held the NDOT driver at gunpoint.

The evidence also showed that Jackson had sufficient control over the weapon. Jackson allegedly directed occupants in the first house

based on the threat of the firearm. Additionally, Jackson allegedly instructed Winters to shoot the police officers. While there may be doubt regarding her actual ability to control Winters and the firearm, there was at least slight and marginal evidence to support a finding of probable cause that Jackson was able to exercise control and thus had constructive possession of the firearm.

Therefore, we conclude that the district court substantially erred when it ruled that "possession" refers only to actual possession. Moreover, we conclude that the district court substantially erred when it failed to find slight or marginal evidence that Jackson constructively possessed the weapon and when it struck the relevant counts, based on our conclusion that there was sufficient evidence for a rational juror to determine that Jackson both knew about the firearm and was able to exercise control over it. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order. [2]

_____, C. J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[2]Because we reverse the district court's judgment, we need not reach the issue of whether the district court erred in striking the counts in their entirety rather the merely striking the possession language.

cc: Hon. Jessie Elizabeth Walsh, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk